## LINTHICUM *v.* RAY.

1. The possession of a wharf by the defendant under color and with claim of title is sufficient to put the plaintiff, in an action on the case for obstructing him in its use, upon proof of a better title to the wharf, or, of an equal right with the defendant to its use.
2. A right not connected with the enjoyment or use of a parcel of land cannot be annexed as an incident to that land so as to become appurtenant to it.

ERROR to the Supreme Court of the District of Columbia.

This was an action on the case for obstructing the plaintiff in the use of a wharf in the city of Georgetown, in the District of Columbia. The wharf was situated on the south side of Water Street, between Market and Frederick Streets, in that city, and extended one hundred and one feet on the Potomac River. The plaintiff asserted a right to its use under various mesne conveyances from Francis and Charles Lowndes. It appeared from the evidence that, in the year 1800, these parties were the joint owners of a wharf occupying the site of the present wharf, and of similar dimensions. At the same time, Francis Lowndes owned in his own right two lots on the north side of Water Street, opposite the wharf, which he had improved by the erection thereon of two warehouses. These buildings were separated from each other by about twenty feet. In 1804 the two Lowndes united in a deed conveying to Richard and Leonard H. Johns the intervening lot between the two buildings, with its appurtenances, and also to them, " their heirs and assigns, the privileges and rights of using the wharf built" by the Lowndes, " free of all expense, for the purpose, from time to time, of mooring their ships or vessels, and for loading and unloading the same," and for all goods imported or exported by them. The several mesne conveyances which bring the property to the plaintiff cover the same lot and the same " privileges and rights of using the wharf," describing both in similar language.

On the other hand, the defendant asserted a right to the

wharf itself, as it now existed, and not merely a right to its use, and traced his title to the same original source,—Francis and Charles Lowndes.

It appeared from the deeds produced, that in April, 1800, these parties conveyed to one Templeman, in trust to indemnify him for his past indorsements, and any future indorsements he might make for them, and one John Suter, of notes in the Bank of Columbia, the two improved lots on the north side of Water Street, and the wharf mentioned. The trust-deed was accompanied with a power to the grantee to sell this property, and apply the proceeds to the payment of the notes indorsed by him, which were not taken up at maturity by their makers. In 1807, Templeman conveyed the property to Walter Smith upon trust to sell the same, whenever requested by the Bank of Columbia, to pay certain notes. In this conveyance Francis Lowndes joined. By sundry mesne conveyances from Walter Smith, the property, as contended by the defendant, became vested in him in 1858. At this time the wharf, which existed in 1804, had perished, and a new wharf, the one now in existence, was constructed in its place by the defendant, and has ever since remained in his exclusive possession.

The court below instructed the jury, that upon the evidence produced in the case the plaintiff was not entitled to recover, and the jury accordingly found for the defendant. The plaintiff excepted to the instruction, and brought the case here.

*Messrs. Bradley and Wills, for the plaintiff in error.*

*Messrs. Cox and Davidge, contra.*

Mr. Justice FIELD, after stating the case, delivered the opinion of the court, as follows:

We do not deem it important to consider whether the conveyance to Smith from Templeman, the trustee, was authorized by the power contained in the deed to the latter, or whether the subsequent conveyances under Smith oper-

ated to vest a good title to the land upon which the present wharf is situated, or such a right of wharfage as to authorize the construction and exclusive use of the present wharf. The possession of the defendant under color and with claim of title is sufficient to put the plaintiff upon proof of a better title to the wharf, or, at least, of an equal right with the defendant to its use. And such proof he has not produced. The deed of the two Lowndes to the Johns in 1804, under which he derives all the claim he possesses, only conferred a right to the use of the wharf then in existence, and not any general right of wharfage, or any right to the land covered by the wharf. Its language is that it grants the right "of using the wharf *built*" by the Lowndes, referring clearly to the structure then erected. And the right to use the wharf is limited to that of mooring to it the ships and vessels of the grantees, for loading and unloading, and of passing over it goods imported or exported by them. The deed contains no provision for keeping the wharf in repair, or for building a new one in case of its destruction, or any clause indicating an intention to confer any right or privilege of greater duration than that of the structure then existing.

Nor was the right to use the wharf made appurtenant to the twenty-feet lot, situated on the north side of Water Street, by being conveyed to the Johns in the same instrument. It was in no way connected with the enjoyment or use of the lot, and a right not thus connected cannot be annexed as an incident to land so as to become appurtenant to it.[*]

The right was not attached as an incident to any estate; it passed by a grant in gross, and was necessarily limited in its duration by the existence of the structure with which it was connected.

JUDGMENT AFFIRMED.

---

[*] Ackroyd v. Smith, 10 Com. Bench, 164.