EBENEZER S. CADY, Respondent, *v.* THE SPRINGFIELD WATER WORKS COMPANY, Appellant.

An easement may be created although the dominant and servient estates are not contiguous.

M. was the owner of a lot in the village of S., upon which was a spring. A pipe conveyed water from said spring along a village street. M., by written instrument under seal duly acknowledged and recorded, conveyed to plaintiff, who was the owner of a lot separated from M.'s lot by a street intersecting that in which the pipe was laid, the right of taking and conveying through a half-inch pipe from the main pipe all the water necessary for the family use of plaintiff, or his heirs and assigns, owning or occupying his said lot, "to have and to hold the said right and privilege forever." Plaintiff laid a pipe from the main pipe, through which his house was supplied with water. M. conveyed all his interest in the spring to defendant; it knowing of plaintiff's water rights, cut off his supply. In an action to restrain defendant from interrupting the flow of water to plaintiff's premises and to restore the connection, etc., *held*, that plaintiff's right was not personal or in gross, but was one connected with his lot and amounted to an easement; and that plaintiff was entitled to the relief sought.

(Argued May 6, 1892 ; decided May 31, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order

made the first Tuesday of June, 1890, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was begun to : (1) Restrain the defendant from interrupting the flow of water from a spring to the plaintiff's premises. (2) Compel it to restore the spring and the conduits, connecting it with the plaintiff's premises, to their former condition. (3) Recover the damages sustained.

The facts, so far as material, are stated in the opinion.

*W. H. Ticknor* for appellant.

*Marcy & Close* for respondent.

FOLLETT, Ch. J. Elk street, which is three rods in width, extends northerly and southerly through the village of Springville, and is crossed at right angles by Main street, which is four rods in width. On the south-east corner of these streets is a lot of land owned, since July 26, 1880, by John P. Myers, on which there is a valuable spring of potable water. A lot on the south-west corner of these streets was conveyed March 12, 1867, by David Oyer to this plaintiff, which he has ever since owned. The deed by which he acquired his title contains the following provision : " And said first party conveys to second party all of the right, title and interest which was conveyed by Orpha Brooks to Phineas Scott, by a deed bearing date the 20th day of February, 1841, to a certain spring of water on lands formerly owned by Jacob Rushmore."

The spring referred to in this grant is the one on the Myers lot. Prior to 1882, there were no pipes connecting the plaintiff's premises with the spring, and the only use which he made of it was to carry water in pails from it to his house. About 1877, a wooden conduit was laid by the then owner of the Myers lot, from the spring westerly to Elk street, thence northerly to Main street, thence westerly along Main street past the plaintiff's premises, from which several dwellings were supplied with water. July 15, 1882, Ebenezer S. Cady,

by an instrument in writing under seal and duly acknowl-edged, released all of his interest in the spring to John P. Myers, the owner of the lot on which it was situated, in con-sideration of which Myers, on the same day, executed, acknowl-edged and delivered an instrument under seal, by which he granted and conveyed to Ebenezer S. Cady, his heirs and assigns, the right and privilege of taking and conveying by a half-inch pipe from the main pipe, leading from the spring of water aforesaid (referring to the one conveyed by Orpha Brooks to Phineas Scott, February 20, 1841), along Main street in said village of Springville, all the water that may be necessary for the family use of the said Ebenezer S. Cady, or the heirs or assigns of the said Ebenezer S. Cady, holding and occupying the said lot so sold and conveyed by David Oyer to the said Ebenezer S. Cady, to have and to hold the said right and privilege to the said Ebenezer S. Cady, his said heirs and assigns forever.    The grant from Myers to the plaintiff was duly recorded September 25, 1882, and the release from Cady November 18, 1887.

Shortly after the date of these instruments, the plaintiff connected his house with the street conduit by an iron pipe, through which he was supplied with water until October 20, 1887, when the defendant took up the old conduit in the street and laid a new one, which it refused to allow the plaintiff to connect with.    The defendant was incorporated, about 1886, for the purpose of supplying the village of Springville and its inhabitants with water, and June 8, 1887, John P. Myers quit-claimed to it all of his interest in the spring, and thereafter the defendant laid a pipe from the spring to Elk street, thence along Elk, Main and other streets in the village, cutting off the plaintiff's supply, which the defendant seeks to justify under the aforesaid grant to it.

It is found as a fact that the defendant knew of the exist-ence of the plaintiff's water rights when it received its deed from Myers.    The contention of the defendant is, that the right acquired by the plaintiff was a mere personal one, a right in gross, but not an easement.    Reference is made in the

release and in the grant of July 15, 1882, to the deed from Oyer to the plaintiff of March 12, 1867, and to the water right thereby conveyed, and for the purpose of ascertaining the intention of the parties, the nature and extent of the plaintiff's water right, the three instruments must be construed together. Under these instruments, the plaintiff acquired the right to use a definite part of the water flowing from the spring, for the purpose of supplying the occupants of the plaintiff's lot with water forever. This is not a personal right or a right in gross, but it is one which is annexed to the plaintiff's lot, and by the express terms of the instrument creating it, passes with the lot in whosesoever hands it may come. The right did not originate, nor does it exist, by virtue of an executory contract, but by grant of a specific part of the water for the use of the plaintiff's premises, which amounts to an easement. The fact that Myers was under an obligation to convey the water part of the distance between the spring and plaintiff's house, does not change the nature of the right granted. As was well said at General Term, this relates to the mode of enjoyment, and is no limitation upon the right to use the water.

An easement may be created though the dominant and servient estates are not contiguous, and the fact that the plaintiff's lot and the lot on which the spring is situated are separated by Elk street, is not one which affects the rights of the litigants. (*Perrin* v. *Garfield*, 37 Vt. 312; Wash. on Eas. 3.)

The judgment should be affirmed, with costs.

All concur, except HAIGHT, J., not voting.

Judgment affirmed.