## CRAWFORD et al., Appellants v. MINNESOTA AND MONTANA LAND AND IMPROVEMENT COMPANY, Respondent.

[Submitted April 2, 1894.  Decided December 17, 1894.]

Water Rights—*Irrigation canal as appurtenant to land—Pleading.*—A complaint alleged that the defendant owned land on which it commenced the construction of an irrigating ditch or canal, and that the plaintiff bought a part of said land when the defendant was making sales thereof "by representing that right to needed water through said canal, for purposes of irrigation, inured therewith to purchasers." According to further allegations of the complaint the plaintiff entered into possession before the canal was completed, and before any water therefrom had been used on his land; but it was not alleged that the contract for sale and purchase contained any stipulation whereby the defendant agreed to assign or grant to the plaintiff any interest in the canal or the waters thereof, and the deed executed pursuant to the contract contained no such grant. *Held*, that the complaint failed to show that the canal, or any interest therein, ever became or was an appurtenance to the land purchased by the plaintiff, and that it did not state a cause of action to enjoin the defendant from interfering with the plaintiff's use of the waters of the canal.

Same—*Plea of adverse possession.*—An allegation in the complaint in the case at bar that the plaintiff enjoyed the use of twenty inches of water from such canal for a certain period, when read in connection with other allegations that the defendant is and has been proprietor, and has exercised control and dominion over such canal since its construction, does not constitute a plea of adverse possession.

*Appeal from Seventh Judicial District, Yellowstone County.*

Action to enjoin interference with water rights. The defendant's demurrer to the complaint was sustained by Milburn, J. Affirmed.

Statement of the facts prepared by the justice delivering the the opinion:

The purpose of this action was to obtain a decree adjudging plaintiffs entitled to the use of twenty inches of the water flowing in defendant's canal, or large irrigating ditch, as an appurtenance to the land of plaintiffs, which they purchased from defendant, and to enjoin defendant from interfering with or depriving plaintiffs of such use.

By their second amended complaint, plaintiffs allege that, prior to the 1st of May, 1882, defendant became the owner of a large quantity of land situate in Yellowstone county, and thereafter, about that date, commenced work on a large irri-

gating ditch or canal, of nearly forty miles in length, whereby defendant appropriated from the Yellowstone river, in said county, "a quantity of water for the purpose of making its said land available for agricultural purposes, to the full extent thereof," and, having prosecuted the work of excavating said canal with due diligence, "had water running through the entire length of said canal by or about the 15th of September, 1883"; that in October of said year, 1882, plaintiff A. M. Crawford contracted in writing with defendant to purchase eighty acres of its said land, situate in said county, for the consideration of eight hundred dollars, it being provided in said contract that the title to said eighty acres should remain in defendant until payment of said purchase price, and that, in default of the full payment thereof, said contract should be null and void; and thereupon plaintiff A. M. Crawford entered into possession of said land in October, 1882, pursuant to said contract, and thereafter, in the year 1884, having fully paid said consideration for the purchase thereof, he was executed and delivered a deed conveying said eighty acres of land to him; that when the water conducted in said canal reached the terminus thereof, which is alleged to have been about September, 1883, and in reach of plaintiff's said tract of land, "twenty inches of the water of said stream was conducted from said canal, and applied and appropriated to said tract of land, and used thereon for the purpose of making the same available for agricultural purposes, to the full extent of the soil thereof, and that said amount of the waters of said stream was thereby applied and used for said purpose, upon said tract of land, during the irrigating season of the year 1884"; that ever since, until the year 1891, aside from unavoidable contingencies interfering with the flow of water in said canal, plaintiffs have "had the undisturbed use and enjoyment of the water from said stream, by means of said canal, each and every irrigating season, to an amount equal to the full of a twenty-inch stream of steady flow, and used the same on said tract of land, for the purpose hereinbefore stated, adversely to all persons, and without let or hindrance whatever"; that a water right "to the amount of twenty inches of the water of said stream, and share in said canal to the ex-

tent of its carrying capacity, sufficient to carry, convey, and deliver said amount of water from said stream to said tract of land, were, are, and from the time of their inception have remained, appurtenant to said tract of land, and therewith, during all this time, belonged to defendant till time of making and delivering said deed to said plaintiff A. M. Crawford; that said plaintiff S. A. Crawford acquired an interest in said property by formation of a copartnership in respect thereto with said A. M. Crawford"; "5. That during all the time herein mentioned, till on or about the seventh day of July of the year 1887, defendant has been engaged in contracting to sell off its said lands, and is now engaged in selling off its said lands, all by representing that right to needed water through said canal, for purposes hereinbefore stated, inured therewith to purchasers of said lands, and that such needed water therefor was assured by means of said canal"; that, in full reliance upon the representation set forth in paragraph 5, plaintiff A. M. Crawford entered into said contract to purchase said tract of eighty acres of land for the consideration of eight hundred dollars; "that defendant is the main and dominant owner of said canal, and has charge of the management thereof; that it still owns much of the land hereinbefore mentioned, and that, of said land still owned by defendant, the greater part thereof still exists in its original arid condition, and has not had water applied and appropriated thereto through or by said canal"; that, since the irrigating season of 1891, defendant has been diverting water from said canal to an increasing number of tracts of land, hereinbefore specified, and to various other tracts of land, to such an extent that defendant has deprived plaintiffs of said twenty inches of water theretofore sued by them, "except at uncertain times, at times far remote, and for times of uncertain duration, and that plaintiffs have suffered great and irreparable damage thereby"; "that defendant is still and now seeking to impose, and is imposing, new and additional demands upon said canal, and rights to water therefrom, by means hereinbefore set forth, and threatens to continue so to do, to the continued deprivation and injury of plaintiffs, by diverting their said water"; "that plaintiffs have every reason to believe, and do believe, that, unless restrained

by order of this court, defendant will so continue to divert the said water of plaintiffs"; "that much of the plaintiffs' said land is arid, and, without artificial application of water, is of little value, and that plaintiffs need and require, on their said land, the full amount of their twenty inches of water, for purposes hereinbefore set forth"; "that plaintiffs have no plain, speedy, and adequate remedy at law." Wherefore they pray relief, as mentioned at the commencement of this statement of the case.

To this complaint defendant interposed a demurrer, on the ground that it failed to state facts sufficient to constitute a cause of action, and upon consideration thereof the trial court sustained the demurrer.

*G. A. Lane,* for Appellants.

*Middleton & Light,* for Respondent.

HARWOOD, J.—The trial court sustained the demurrer, evidently because it reached the conclusion that the complaint failed to state facts showing plaintiffs' acquisition of an interest in said irrigating canal, or water therein conveyed, to the extent of twenty inches, as an appurtenance to plaintiffs' eighty acres of land. In other words, the court, no doubt, concluded that the complaint failed to show that any such water right, as claimed by plaintiffs, was appurtenant to their said land when they acquired the same from defendant. Are the facts alleged, if admitted or established by proof, sufficient to warrant judgment declaring plaintiffs owners of an interest in said irrigating ditch or canal, and the waters therein carried, to the extent of twenty inches, accompanying such judgment with an injunction forbidding defendant from interfering with plaintiffs' perpetual use of so much of the waters of said ditch?

According to the allegations of the complaint, defendant, being the owner of a large quantity of arid land situate in Yellowstone county, about the 1st of May, 1882, commenced the construction of a large irrigating ditch or canal, about forty miles in length, thereby to appropriate water from the Yellowstone river, to make its said land available for agricultural purposes. It is further alleged that, at the time plaintiff

A. M. Crawford bought eighty acres of said land from defendant, it was selling its land "by representing that right to needed water through said canal, for purposes hereinbefore stated [that is, for irrigation], inured therewith to purchasers of said land, and that such needed water, therefore was, assured by means of said canal"; that about the 18th of October of the same year, 1882, plaintiff A. M. Crawford, relying on said representation, entered into a contract to purchase said eighty acres of land from defendant. It is not alleged that the contract for sale and purchase contained any stipulation whereby defendant agreed to assign or grant to plaintiff any interest in said ditch, or the waters thereof. Nor is said contract exhibited as part of the complaint, or pleaded in effect. Nor does the deed executed pursuant to said contract contain a grant of any interest in said ditch, or water therein conveyed. The contract, according to the allegations of the complaint, was made, and plaintiff A. M. Crawford entered into the possession of said eighty acres of land, long prior to the time said irrigating ditch or canal was completed; hence, no water was used upon said land, through said irrigating ditch, by defendant or any other party, prior to the sale of said land to plaintiff. The allegations of the complaint are insufficient to show that said irrigating canal, or any interest therein, ever became or was an appurtenance to said eighty acres of land. So far as the allegations of the complaint show, when plaintiff purchased said land from defendant said irrigating canal "was in no way connected with the enjoyment or use of the lot; and a right not thus connected cannot be annexed as an incident to land, so as to become appurtenant to it." (*Linthicum* v. *Ray*, 9 Wall. 241.)

To adjudge plaintiffs the owners of an interest in defendant's irrigating ditch, to the extent demanded, would, in effect, extend their acquisition to things beyond, and unconnected with, the property described in the conveyance, or the contract to convey; and that extension would be founded on parol evidence that certain representations were made by defendant as to its purpose of constructing such an irrigating canal to make water available to irrigate its lands—representations not even alleged to have been made to plaintiff when he purchased said

tract of eighty acres, nor incorporated in any of the papers executed in reference to plaintiffs' purchase, but merely alleged to have been made by defendant during a period which covers the date of plaintiffs' purchase. A judgment to that effect, founded on such a showing, would be entirely subversive of the principles of law governing contracts and conveyances relating to realty.

The allegation that plaintiffs enjoyed the use of twenty inches of water from said ditch since the season of 1884 does not constitute a plea of adverse possession, when read in connection with other facts shown by the complaint, to wit, that defendant is and has been proprietor and has exercised control and dominion over said irrigating canal since its construction.

If plaintiffs have enjoyed the use of twenty inches of water taken out of said ditch, as alleged, that enjoyment must have been by sufferance of defendant, who exercised dominion over the irrigating canal. If one fetches water to a place, and then, under such conditions, having control over the vessel wherein the water was conveyed, suffers another to partake thereof, can the latter claim that he is using adversely? Such is the situation shown by plaintiffs as to their use of said water, and a use under those circumstances is not adverse possession. If this were a case where plaintiffs, having shown their acquisition of said land, relying on representations of defendant that it would, by construction of an irrigating ditch, bring water into the vicinity of said land, so as to be available for irrigation thereof, and that plaintiffs had complied with the lawful conditions and requirements imposed by said company on the use of said water, and, having so complied, or offered compliance, defendant refused or neglected to allow plaintiffs the use of water from said ditch, or diverted the same to other and later settlers, it would constitute an entirely different complaint, to which the foregoing opinion would not be applicable, for plaintiffs have presented no such case.

In our judgment the trial court was correct in holding that the allegations of the complaint were insufficient to enable plaintiffs to bring within the boundaries of their acquisition

the valuable interests which they demand.    The judgment will therefore be affirmed.

*Affirmed.*

PEMBERTON, C. J., and DE WITT, J., concur.