(78 Misc. Rep. 194.)

COATSWORTH v. HAYWARD et al.

(Supreme Court, Trial Term, Essex County. November, 1912.)

1. WATERS AND WATER COURSES (§ 154*)—USE OF WATER—EXTENT OF USE—EASEMENT IN GROSS.

Where a lease for 99 years of the right to pipe water from a spring granted to the lessee the privilege of attaching a half-inch pipe to the main pipe for the purpose of drawing water therefrom at any point between the lessor's dwelling house and the dwelling house of the lessee, such right was an easement in gross, and was not appurtenant to an intervening house, which the lessee also owned.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 167–173; Dec. Dig. § 154.*]

2. WATERS AND WATER COURSES (§ 154*)—EASEMENTS—USE.

Where a lessee of a water right was authorized to attach a half-inch pipe to the main pipe and draw water at any point between the dwelling house of the lessor and that of the lessee, the latter was entitled to use a half inch of water at her dwelling house or at any point where water was taken from the main pipe between the limits specified, and was therefore entitled to grant permission to one owning an intervening house to use water from the same pipe to the capacity of a half-inch pipe.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 167–173; Dec. Dig. § 154.*]

3. WATERS AND WATER COURSES (§ 154*)—RIGHT TO USE WATER—APPURTENANT TO LAND.

A right to use water piped from a spring on other land pursuant to a 99-year lease may be held by the lessee separate from any particular piece of land, or may be conveyed as an appurtenance to land on which the water is used.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 167–173; Dec. Dig. § 154.*]

4. WATERS AND WATER COURSES (§ 154*)—DEEDS—APPURTENANCES—RIGHT TO USE OF WATER.

Whether a right to the use of a water easement on certain land conveyed by the holder of the easement to her daughter passed to the daughter as an appurtenance, not having been otherwise referred to in the deed, depended on the intention of the parties.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 167–173; Dec. Dig. § 154.*]

5. EVIDENCE (§ 273*)—DECLARATIONS AGAINST INTEREST—PERSONS IN POSSESSION OF LAND—RIGHT TO EASEMENT.

Evidence that after conveyance of land by a mother to a daughter, the deed containing nothing indicating an intent to convey a right to the continued use of the mother's water easement on the land, unless included in the term "appurtenance," the mother declared that her daughter had no right to use the water except by her permission, and that the daughter, while in possession, replied, "I understand that," was admissible to rebut the inference that it was intended to convey the right to use the water by the deed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1108–1120; Dec. Dig. § 273.*]

6. WATERS AND WATER COURSES (§ 154*)—EASEMENTS—CONVEYANCE—ES-
   TOPPEL.
      N., having procured the right to a half-inch water supply from a spring
   to be taken at any point between the house of the grantor and a red
   house belonging to N., conveyed an intervening yellow house to her
   daughter, and without any conveyance permitted her to use water from
   the pipe in the yellow house. The yellow house was subsequently con-
   veyed, the right to the water being expressly exempted from the war-
   ranty; the grantor assuming to convey only such rights as he had in
   and to the spring. The yellow house was later sold at auction and pur-
   chased by complainant, when the water was cut off. At the time com-
   plainant bid in the property he knew that the water from the spring had
   been used in the house, and supposed rightfully, but, after he discovered
   that the water had been disconnected, he completed his payments, and
   took the property. Held, that no right to the use of the easement passed
   to complainant.
      [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig.
   §§ 167–173; Dec. Dig. § 154.*]

Suit for injunction by Ruth A. W. Coatsworth against Charles C.
Hayward and another. Complaint dismissed.

Stokes & Owen, for plaintiff.

Weeds, Conway & Cotter, of Plattsburgh, for defendants.

VAN KIRK, J. This action is brought to restrain the defendant
from interfering with plaintiff's use of a spring situated on the farm
of defendant Hayward. By the terms of a lease dated September 24,
1869, between David S. Hayward, the first party, and Laura A. Noble,
the second party, the second party is permitted to take water from a
spring on the Hayward farm for the term of 99 years. The lease pro-
vides for the laying of a one-inch pipe from the spring, and contains
the following:

"And it is further agreed and understood by and between the parties to
this agreement that the party of the second part has the privilege of attach-
ing a half-inch pipe to the said main pipe for the purpose of drawing water
therefrom at any point between the dwelling house of the party of the first
part and the dwelling house of the party of the second part. And it is fur-
ther understood and agreed that the party of the second part has the priv-
ilege of using one-half inch of said water at her dwelling house. And it is
mutually agreed and understood by the parties to this agreement that neither
of the parties is to allow said water to run to waste on their premises or at
any point where water is taken from said main pipe."

At the time this agreement was made, David S. Hayward owned the
hereinbefore mentioned farm. Laura A. Noble owned the red house and
her brother Belden Welch owned the yellow house, which lay between
the said farm and the red house. The inch pipe was constructed from
the spring by Laura A. Noble and ran from the farm, in the highway,
past the yellow house to a point opposite the red house. In connection
with the laying of the inch pipe the same was tapped with a half-
inch pipe and the water conducted to the yellow house.

The Hayward farm has since been conveyed, subject to the rights
and covenants of the said lease, to the defendant Hayward. Therefore
the defendant Hayward cannot interfere with the use of the said
spring and the maintenance of the pipe line thereto, if the use and

maintenance are in accord with the terms of said lease, by any person or persons succeeding to the rights of Laura A. Noble. Under the lease, an easement appurtenant to the red house, then owned by Laura A. Noble, came into existence, and Laura A. Noble has conveyed the red house together with said easement. In the deed dated December 31, 1892, Laura A. Noble to Henry H. Noble, is the following:

"Together with all and singular the rights, privileges and easements of bringing water and using the same on the said premises appurtenant to the same and now enjoyed thereon."

This is a grant of the right to use water through the half-inch pipe drawn from the said inch main as then used in the red house. Cady v. Springfield W. W. Co., 134 N. Y. 118, 120, 31 N. E. 245. So that the defendant Harlan is the owner of the red house and of the said easement appurtenant thereto.

Laura A. Noble became the owner of the yellow house by deed dated July 3, 1876, in which no mention of any right to use water from the spring is made; and by no writing or otherwise had Laura A. Noble ever conveyed to Belden Welch any interest in said spring water or its use. By deed dated May 22, 1882, Laura A. Noble conveyed to Sarah E. N. Wait, her daughter, the yellow house, without any mention of any easement or right to use said spring water, but the deed contains the usual clause that the premises are granted with the appurtenances thereunto belonging. After the death of Mrs. Wait, the yellow house went by mesne conveyances to this plaintiff, and none of the conveyances in terms carries any right to take water from said spring, unless covered by the general clause that the premises are conveyed with the "appurtenances thereunto belonging." Henry H. Noble disconnected the pipe on or about October 22, 1892, under the direction of his mother, Laura A. Noble.

[1] In 1894, when Richardson went into occupancy of the house, he had the pipes connected and the water restored to the house. The water since then has been useed in the yellow house until the time complained of in the complaint. The grant in the lease that the second party "has the privilege of attaching a half-inch pipe to the said main pipe for the purpose of drawing water therefrom at any point between the dwelling house of the party of the first part and the dwelling house of the party of the second part" was a grant of the right to use the water in gross and not appurtenant to the yellow house. 14 Cyc. 1140; Linthicum v. Ray, 76 U. S. (9 Wall.) 241, 243, 19 L. Ed. 657.

[2] The grant was to Laura A. Noble, and under that grant Laura A. Noble had the right to use the water to the capacity of the half-inch pipe without wasting. Cady v. Springfield W. W. Co., 134 N. Y. 118, 31 N. E. 245; Nellis v. Munson, 108 N. Y. 453, 15 N. E. 739. She had the right to allow her daughter to use this water if she saw fit, or she had the right to change the connection to some other place between the points limited in the lease.

[3] Such a right may be held separate from any particular piece of land, and it may be retained by the grantee or conveyed as an appurtenance to land. Bank of British North America v. Miller (C. C.) 6 Fed. 545.

[4] If Laura A. Noble has ever parted with that right, it must have been by the deed to her daughter, Mrs. Wait. Whether or not this conveyance transferred said right in gross depends upon the intent of the parties to the deed. Id.; Watson v. City of New York, 67 App. Div. 573, 73 N. Y. Supp. 1027, affirmed 175 N. Y. 475, 67 N. E. 1091. If the right is one necessary and essential to the enjoyment of the property, the intent to convey is presumed (Lampman v. Milks, 21 N. Y. 507); and, without a recital in the deed showing it is excluded, or other competent and satisfactory evidence that the parties intended to exclude it, such necessary and essential right would pass with the conveyance as an appurtenance, under the general expression, "appurtenances thereunto belonging." Root v. Wadhams, 107 N. Y. 384, 14 N. E. 281, and cases cited. But the right to use this spring water in the yellow house is a valuable convenience. It can hardly be denominated a necessity to the reasonable use and enjoyment of the estate granted to Mrs. Wait. It is true there is no other spring upon the premises, or reached from the premises by pipes. Lake Champlain can be reached or a well dug. Residence properties are not generally supplied with spring water. But, in any event, the intent of the parties controls, and the said presumption, if it exists in this case, may be rebutted by parol. Watson v. City of New York, supra.

[5] A conversation has been related in which it is stated in substance that Laura A. Noble declared that Mrs. Wait had no right to use the water except by her (Noble's) permission, and Mrs. Wait, then in possession, replied, "I understand that." It is urged that on cross-examination the witness gave another meaning to his testimony, but a careful reading of all will disclose that this is the substance and his meaning. This statement of Mrs. Wait, while she was in possession of the premises, is competent and relevant testimony with reference to the intention of the parties to the deed in question, in an action between third parties. Chadwick v. Fonner, 69 N. Y. 404, 407; Lyon v. Ricker, 141 N. Y. 225, 36 N. E. 189; Merkle v. Beidleman, 165 N. Y. 21, 58 N. E. 757. In the deed of the red house the right is specifically granted. This fact has some significance in considering the deed of the yellow house to Mrs. Wait, which contains no reference to the right to use water.

I conclude that this right in gross was not conveyed to Mrs. Wait.

No title to this right in gross has been acquired by the owner of the yellow house by prescription.

[6] On October 22, 1892, E. K. Richardson bid in the yellow house at an auction sale. The water was then cut off. At the time he bid in the property, he knew that water from said spring had been used in the house, and supposed it was then so rightfully used. After he made his first payment, he discovered that the half-inch pipe had been disconnected in the highway opposite the yellow house. He still completed his payments and took the property. Under the circumstances the easement did not pass to Richardson. Jones, Ease. § 25. Nor could the easement pass by any subsequent conveyance, unless it passed by the deed to Mrs. Wait. Spencer v. Kilmer, 151 N. Y. 391, 45 N. E. 865; Green v. Collins, 86 N. Y. 246, 40 Am. Rep. 531. While it is

true that the existence of the piping and supply of water from the spring to the yellow house is to be fairly construed as an inducing cause for the purchase thereof by the plaintiff, and the plaintiff undoubtedly hoped that such right existed, she was warned by the deed from Wamsley that there was a question as to the right, because in said deed it is expressly excepted from the warranty and the grantor, Wamsley, assumed to convey only such rights as he had in and to said spring.

The defendant Harlan is entitled to an injunction against plaintiff's use of the spring.

The complaint should be dismissed, with costs. A decision may be submitted in accordance herewith.

Complaint dismissed, with costs.