PLATTSBURG GAS AND ELECTRIC COMPANY, Plaintiff, *v.* CHARLES M. MILLER, Defendant.

Supreme Court, Clinton Special Term, September 4, 1924.

Liens — mechanic's lien — action to foreclose mechanic's lien against defendant's property for labor and materials furnished by plaintiff in repairing dam above defendant's mill site — mill site does not adjoin dam on plaintiff's property — right to use water, conveyed from dam to mill by raceway, contained in deed given by common grantor — water right deemed an easement and as such is within definition of real property under Lien Law, § 2 — improvement for which labor and materials were furnished within meaning of Lien Law, § 2 — defendant only bound by covenant in grant to pay three-sixteenths of cost of necessary reparation of dam — failure to obtain defendant's consent to repairs does not invalidate lien — statutory requirement disjunctive — defendant presumed to have consented to repairs under covenant running with land — term " laborer " defined — lien valid and motion to dismiss complaint denied.

A motion to dismiss plaintiff's complaint in an action to foreclose a mechanic's lien against defendant's property for labor and material furnished by plaintiff in repairing a dam on plaintiff's property, which does not adjoin but is above defendant's mill site, will be denied on the ground that the lien is valid since defendant's water right, contained in a deed given by a common grantor, is an easement and is, therefore, real property within the terms of section 2 of the Lien Law.

Repairs upon the dam, from which water is conveyed to the defendant's mill by means of a raceway, will be deemed an improvement to defendant's property for which labor and material may be furnished within the meaning of section 2 of the Lien Law.

A complaint which fails to allege that the improvements were made with the consent or at the request of the owner or that the defendant was the owner of the property at the time is not defective where under the grant of the water right the owner is required to pay three-sixteenths of the cost of the necessary repairs to the dam, since the covenant runs with the land and not having been released will operate as consent by this present owner of the water rights to the making of all necessary repairs.

The statutory requirement as to consent or request is disjunctive.

The plaintiff is a materialman and laborer within the meaning of those words as defined by section 2 of the Lien Law since it performed labor and furnished material for the improvement.

MOTION by defendant to dismiss the complaint, on the ground it does not state a cause of action, in a proceeding brought to foreclose a mechanic's lien.

*Wallace E. Pierce,* for the plaintiff.

*Patrick J. Tierney,* for the defendant.

ANGELL, J.   For the purpose of this motion to dismiss the complaint, the truth of the allegations of the complaint must be assumed.   The action is to foreclose a mechanic's lien against defendant's property for labor and material furnished by plaintiff in repairing the " nail factory dam " on the Saranac river in the city of Plattsburg.   Plaintiff is in the business of generating and supplying gas and electricity which it sells for consumption in Plattsburg and vicinity.   It is the owner in fee of the dam. Defendant owns a mill site a short distance below the dam, but the mill site does not adjoin plaintiff's property on which the dam is located.   Plaintiff, and the Williams Manufacturing Company, defendant's predecessor in title, obtained title from a common grantor, Smith M. Weed.   The deed conveyed the mill site to the manufacturing company " together with the right to draw, take and use   *   *   *   an amount of water equal to 100 horse-power " from the dam.   The grantee covenanted for itself, " its successors and assigns, to be at its proportion of the expense of repairing and maintaining the said dam," which share should not exceed three-sixteenths of the total.   The water which defendant uses at his mill site was and is conveyed by a flume or raceway from the dam to the mill.

Repairs to the dam became necessary in the winter or spring of 1922–1923, because of its damage by ice and high water.   The expense thereof amounted to $6,627.08, three-sixteenths of which is $1,242.58, for which the lien was filed which this action is brought to foreclose.   The work was done and the material furnished by plaintiff.   It is not claimed that actual notice of furnishing the work and material was given to defendant, or that he expressly consented thereto.   In the notice of lien the property against which it is filed is described as in the conveyance by Weed to the Williams Manufacturing Company, which includes a description of the mill site, the dam, and the water rights of defendant as above described.

Defendant, in his motion to dismiss the complaint, claims, among other things, that the property improved is not real property within the Lien Law, that the complaint does not allege that the

improvements were made with the consent or at the request of the owner, or that defendant was the owner at the time the improvements were made and the lien filed.

The Lien Law, section 3, provides that a contractor, laborer or materialman who performs labor or furnishes material " for the improvement of real property with the consent or at the request of the owner thereof " shall have a lien " upon the real property improved " for the value of agreed price.   Section 2 provides that the term " real property " as used in the Lien Law " includes real estate, lands, tenements, and hereditaments, corporeal and incorporeal   *   *   *." 

Was defendant's ownership of the mill site and the water power in connection with it such as to justify the filing of a lien upon his property for material and labor in repairs of the dam, in the ownership of which he concededly had no interest?   Though he had no interest as owner in the dam itself, he had the right to use water impounded by it to the extent of 100 horsepower, which water he had the further right, under his deed, to have conveyed to his mill site below by a flume or raceway connected with the dam.   This water right is appurtenant to defendant's land, and being such, it is an easement — a privilege without profit which one has for the benefit of his land in the land of another.   Jones Ease. § 1.   An easement is appurtenant when it is for the benefit of a grantee's estate, and in that case it passes with the estate to all subsequent grantees and is inheritable.   Jones Ease. § 18; 19 C. J. 865, § 4.   Defendant's interest in the water power has all the essential qualities of an easement.   It is incorporeal; it is imposed on corporeal property (plaintiff's land); it confers no right to participation in profits arising from such dam; it is imposed for the benefit of corporeal property (defendant's mill site); there are two distinct tenements — the dominant (defendant's mill site) and the servient (plaintiff's land on which the dam is located), upon which the obligation rests.   *Wolfe* v. *Frost*, 4 Sandf. Ch. 72. Therefore, defendant's right comes squarely within the definition of an easement.   Contiguity of the tenements is not essential. An easement may be created though the dominant and servient estate are not contiguous.   *Cady* v. *Springfield W. W. Co.*, 134 N. Y. 118; 19 C. J. 864, § 3; Jones Ease. § 5.   Although a mill was a mile away from a pond from which water was brought to the mill by a dam and flume, the dam might be appurtenant to the mill.   *Perrin* v. *Garfield*, 37 Vt. 304.   Thus it is immaterial whether defendant's mill and the land on which it is situated is remote from or contiguous to plaintiff's dam.   An easement is an incorporeal hereditament.   *Adee* v. *Nassau Elec. R. R. Co.*, 72 App.

Div. 404; affd., 177 N. Y. 548.   Defendant's right, therefore, being an easement — an incorporeal hereditament — it is real property both at common law and under the statute, and is expressly included within the definition of real estate as given in section 2 of the Lien Law above quoted.   It is, under the grant, part and parcel of defendant's mill site.   Without it, as a mill site, defendant's property would be valueless.

No case has been found, nor has any been cited in briefs of counsel, precisely in point.   An analogous situation, however, may be found in *Kenney* v. *Apgar*, 93 N. Y. 539, where was involved a mechanic's lien statute, chapter 478 of the Laws of 1862, since repealed.   That statute provided that the property therein named as subject to a lien for labor and material was " any house, building, or other improvement upon lands or appurtenances to such house or other building."   The court held that a lien was maintainable upon a house for material and labor in the construction of a sidewalk in front thereof, upon the theory that the sidewalk was an appurtenance to the house; and this was said to be the law, although the party against whom the lien was claimed had no ownership in the ground upon which the sidewalk was laid, inasmuch as the owner of the house had an interest in common with the public at large and also a special and peculiar interest in the street.   In the case at bar, while defendant has no ownership in the dam, or in the soil beneath it, his easement therein is greater than in the case cited, for here it is exclusive to the extent of his water rights.   Furthermore, this case would seem stronger than that cited, for a right of way ordinarily may be used even in the absence of a sidewalk, whereas in the instant case the dam must be kept in repair or defendant's easement is worthless.   Of course water in its free state, as is the water here involved, is not subject to a lien.   There could be only a usufructuary right of property in the water; but water, as such, is not to be confounded with the easement which defendant has, though the value of the easement is dependent upon a water supply.   Therefore it seems clear that defendant's property is subject to the lien, if there is compliance in necessary respects with the statute.

But defendant contends that the improvement for which the material and labor were furnished does not come within the following definition in section 2 of the Lien Law:   " The term ' improvement,' when used in this chapter, includes the erection, alteration or repair of any structure upon, connected with, or beneath the surface of, any real property and any work done upon such property or materials furnished for its permanent improvement   *   *   *."

Clearly plaintiff's structure, the dam, is not upon, or beneath the surface of, defendant's real estate; but it seems equally clear that it is "connected with" it. It is a matter of common knowledge that, as an engineering necessity, a flume or raceway conveying water from a dam to a mill must actually connect with the dam. Without such connection water could not pass into or through it.

It is further urged by defendant that the complaint is defective, in that it does not allege that the improvements were made with the consent or at the request of the owner, or that defendant was the owner of the property at the time. The statutory requirement is disjunctive — with the consent *or* at the request. The complaint does not allege defendant's request, but it does allege that the work was done with defendant's "knowledge and consent." True, it does not follow that defendant was the owner at the time he had this knowledge and gave the consent. It may be that defendant's consent, legally, is predicated entirely upon the covenant in the conveyance to bear a proportion of the expense of repairs. It would seem that such a covenant is sufficient — that whoever took the conveyance necessarily consented to all the covenants therein. This was a covenant running with the land, and when it once attached the land could not be released therefrom, except by all the parties interested joining. If this covenant establishes the consent necessary to support the lien, it matters not what individual may have owned the property at any time. Whoever was the owner, he by virtue of the covenant must be presumed to have consented to whatever were proper repairs under the covenant, and the property in the hands of his grantee is liable. In *Tinsley* v. *Smith*, 115 App. Div. 708; affd., 194 N. Y. 581, it is said: "Where the tenant covenants to make specific improvements or repairs, the landlord has been held to have consented thereto within the meaning of the statute." That, in principle, seems precisely to cover this case. Here there was a covenant by which defendant was bound, because of his ownership of the property, to pay a certain proportion of the expense of the reparation of the dam. Though by virtue of the covenant the property is liable, that however does not, as defendant urges, permit plaintiff to involve defendant in expenses heedlessly, recklessly or improvidently incurred. In the absence, as here, of defendant's specific approval of contemplated repairs, whatever plaintiff does in that respect which is not sanctioned by the covenant must be at its own risk. Under the covenant it must necessarily be assumed that the property is liable only for proper and necessary repairs. For anything beyond this, defendant can be protected in the action. Plaintiff expressly disclaims any con-

tention that defendant is personally liable. He seeks only to establish his right to a lien upon the property.

Brief reference may also be made to defendant's theory that plaintiff having made the repairs to the dam, which it owns, cannot claim a lien therefor on defendant's property. Defendant's easement in the dam and in the waters impounded thereby has been shown above, and that this easement is subject to the Lien Law, by its very terms. The statute provides that a " material man " is any person who furnishes material for an improvement. The term " laborer " means any person who performs labor or services upon such improvement. Lien Law, § 2. These definitions show clearly that plaintiff, having supplied the material and performed the labor, is entitled to file the lien.

It necessarily follows, if the foregoing conclusions are correct, that the lien is a valid one, and that the complaint states a cause of action.

Motion denied.