JOSEPH M. HASLETT AND WILLIAM A. HASLETT v. JAMES SHEPHERD.

|  |  |
|---|---|
| 85 | 165 |
| 124 | 411 |

*Easement—Stairway—Grant—Acquiescence.*

The question involved in this case is the right of the defendant to maintain a stairway landing or hallway floor constructed according to the terms of a deed from complainants' grantors, and which construction had been acquiesced in for 20 years by complainants and their grantors prior to the commencement of this suit. And it is held that, if the hallway is a nuisance to complainants, it is one of their own making, and that they cannot compel defendant to make a change for their convenience.

Appeal from Eaton. (Hooker, J.) Argued February 6, 1891. Decided April 17, 1891.

Bill to restrain defendant from reconstructing a stairway

landing in front of the door to complainants' premises. Defendant appeals. Decree reversed, and one entered in this Court for defendant. The facts are stated in the opinion.

*Huggett & Smith*, for complainants.

*Shriner & Fox (Philip T. Van Zile*, of counsel), for defendant.

GRANT, J. On June 1, 1867, complainants' grantors deeded to Elisha Shepherd and the defendant, James Shepherd, a strip of land 10 feet wide off the south side of the north half of lot No. 12, block 24, in the village of Charlotte. It also conveyed an easement in the following language:

"Together with the right of erecting a flight or flights of stairs on the land of the parties of the first part north of the party-wall now being built on the north boundary line of said premises, said stairs rising from Cochrane avenue west, and ascending to as many stairs as said parties of the second part may build, to be of suitable pitch, and of no greater width than the stairs ascending to Carmel Hall, in said village, to be built, inclosed, and maintained in repair by and at the expense of the said parties of the second part, their heirs and assigns, up and down which the said parties of the second part, their agents, servants, guests, and all of the public whom they wish to admit, shall at all hours have a free and uninterrupted right of way; to have and to hold the same as an easement to the said parties of the second part, their heirs and assigns, appurtenant to said premises, forever."

Defendant became the sole owner of the land prior to the commencement of this suit.

At the time this deed was made, complainants' grantors and Elisha and James Shepherd had commenced the erection of buildings upon their adjoining lands, to be used as stores. A partition wall was erected by agreement at their joint expense, half of which stood upon the land

of each. The Shepherd building was constructed three stories high; the other only one story. The first story of the Shepherd building was about sixteen inches higher than the corresponding story of the other building. The Shepherds constructed their hallway in accordance with the terms of their grant, with a hallway or landing at the head of the first flight, five feet wide, east and west. This landing was eight inches below the hallway in the Shepherd building, and eight inches above the top of the joists in the other building, and was constructed on "riders" on top of the joists. This stairway was covered upon the top and sides with boards. A doorway was constructed at the landing, through which complainants and their grantors could pass to the roof of their building whenever occasion required. No other use was made of this stairway by any but the Shepherds and those having business with them. In 1886 complainants built a second story to their building, placing the floor on the joists; thus making the floor eight inches lower than the floor of the landing. For convenience of complainants in building, the defendant, at their request, permitted them to remove these stairs, or such parts thereof as they desired, with the agreement to replace them. In replacing them, this landing was constructed on a level with the floor of complainants' building; thus leaving a step of sixteen inches in the hallway of defendant's building. Complainants constructed a stairway from the back part of their store to the second story. The front rooms in the second story were constructed for offices, with their only access over the stairway in question. When defendant learned what had been done, he objected, and several conversations were had looking to some satisfactory arrangement, but no conclusion appears to have been reached.

Defendant then constructed the platform of the same

height as before. Thereupon complainants again changed the landing, but cutting it in two, leaving the back part its original height, and the front part on a level with the floor of complainants' building. Complainants then filed this bill, and obtained an injunction perpetually enjoining defendant from raising, reconstructing, or changing in any manner this landing or hallway floor; from which decree defendant appeals.

Complainants insist:

1. That the deed conveyed only a right of way to defendant, and that the complainants and their grantors have the same right to the use of the stairway.

2. If it be held that defendant owned the exclusive right of way, he is estopped from denying such right to complainants, because he stood by, knowing that they were constructing their building with a view to the use of said stairway.

3. That this is a way of necessity, such as is reserved, though not mentioned in the deed.

4. That the maintenance of this landing or hallway at its original height in front of the door to complainants' rooms is a nuisance which the court should restrain.

The first three questions are not necessarily involved in this litigation, and we decline, therefore, to pass upon them. The sole question involved is, had the complainants the right to change this stairway as it had been constructed by the Shepherds, and as it had existed for a period of about 20 years? It is apparent that either the complainants or the defendant must now be inconvenienced. Complainants constructed the second story of their building with a full knowledge of the situation and of the rights of defendant. If this hallway is a nuisance to them and their lessees, it is a nuisance of their own making. Defendant clearly had the right, under his deed, to construct this stairway and landing for his own convenience. It was constructed according to the terms of the deed, and such construction acquiesced in by the

complainants and their grantors for 20 years. They cannot now compel the defendant to make a change for their convenience. At most, they could only be entitled to the use of this landing and stairway as constructed, and should have constructed the second story of their building accordingly.

There is no room here for the application of the doctrine of estoppel, so far as the landing is concerned. The defendant was present but little while the building was being constructed; but, had he known the plan of construction, it could not be inferred that he knew that complainants intended to lower this landing for the sake of a convenient access to their rooms, leaving defendant with a step of 16 inches.

The decree must be reversed, with the costs of both courts, and decree entered here for defendant.

The other Justices concurred.