HENRY LIDGERDING v. JOHN ZIGNEGO.

October 19, 1899.

Nos. 11,808—(122).

### Right of Way over Land—Deed—Words of Inheritance.

S. and Y. owned and occupied adjoining farms. A public highway ran through the farm of S., to which Y. had no access from his own land. S. executed a deed, by which he bargained, sold, and released to Y. the right of way across his farm, "to cross on foot or with team," "which right hereby conveyed shall be understood to be" "the right to cross said land as aforesaid upon or near" the line between [two described 40's, according to government survey, constituting a part of plaintiff's farm]. This deed, which was executed in 1866, contained no words of inheritance. The right of way thus granted gave Y. access from his own land to the highway referred to, and has ever since been used exclusively for that purpose by Y., and the defendant, his grantee. So far as appears, the right of way was useless for any other purpose. In 1898 plaintiff, the grantee of S., placed obstructions across the driveway to prevent defendant from using it, which defendant removed. In an action for this alleged trespass, *held*, that the deed was sufficiently definite as to the land to be used as a right of way.

### Same—Easement.

That it granted, not a mere revocable license, but an easement in the land of the grantor.

### Same—Appurtenant to Land.

That this is an easement, not in gross or personal to Y., but appurtenant to the land then owned and occupied by him; and this is so whether the grant was in fee simple, or, by reason of the absence of words of inheritance, only for life.

### Easement in Gross.

An easement in gross will never be presumed when it can be fairly construed to be appurtenant to some other estate. A right of way is appurtenant to the land of the grantee if so in fact, although not declared to be so in the deed. Whether such an easement is in gross or appurtenant to some other estate may be determined by the relation of the easement to such estate, and in the light of all the circumstances under which it was granted. The facts that such an easement was intended for the benefit of the grantee's land, and to be used in connection with its occupancy, and has been so used, and is useless for any other purpose, will

overcome any presumption that it was intended to be in gross that might otherwise arise from the absence of the words "heirs and assigns."

Action in the district court for Goodhue county to recover $125 for trespass on land. The case was tried before Williston, J., and a jury, which rendered a verdict in favor of defendant; and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*J. C. McClure,* for appellant.

An easement implies an interest in the land over which it is enjoyed; a license carries no such interest. Washburn, Easem. (4th Ed.) 6–30; Cahoon v. Bayaud, 123 N. Y. 298; Johnson v. Skillman, 29 Minn. 95. The instrument in controversy did not convey an easement. By its terms the use of the right of way was given to Youngers alone. Even if the right would pass to his heirs, it was not such a right as he could convey. The instrument conferred a mere license to him personally which was not assignable. Mendenhall v. Klinck, 51 N. Y. 246; Hazelton v. Putnam, 3 Pinn. 107; Washburn, Easem. (4th Ed.) 6. A reservation or exception in a deed for benefit of a stranger or one not a party is void. Bridger v. Pierson, 45 N. Y. 601; Walrath v. Redfield, 18 N. Y. 457; Hornbeck v. Westbrook, 9 Johns. 73. A fortiori this rule holds as to one not named. A subsequent conveyance or lease of land operates as a revocation of a license to use it. Kamphouse v. Gaffner, 73 Ill. 453; Johnson v. Skillman, supra; Kremer v. Chicago, M. & St. P. Ry. Co., 51 Minn. 15, 19; Williams v. Morrison, 32 Fed. 177. The writings on which defendant rests his claim do not sufficiently define the portion of land to be used, and are void for indefiniteness. Johnson v. Skillman, supra; Watson v. Chicago, M. & St. P. Ry. Co., 46 Minn. 321; State v. Welpton, 34 Iowa, 144; Plimpton v. Converse, 44 Vt. 158, 165; Washburn, Easem. (4th Ed.) 151.

*Albert Johnson,* for respondent.

MITCHELL, J.

This was an action to recover damages for an alleged trespass upon real property.

The material facts are as follows: In 1866 one Schlicthaber

owned and occupied a farm, and one Youngers owned and occupied another farm adjoining on the east. Near the east line of Schlicthaber's farm, but 15 rods west of it, there ran through his land a north and south highway, known as the "Red Wing and Zumbrota road," to which Youngers had no access from his own farm. In this condition of things, in December, 1866, Schlicthaber executed to Youngers a deed of right of way across the land of the former, the terms and conditions of which were that, for the expressed consideration of one dollar, S. "bargained, sold, released, and conveyed to Y.

"The right of way to cross on foot or with team the land [of the former—describing it]; which right hereby conveyed shall be understood to be, and is hereby declared to be, the right to cross said land as aforesaid upon or near the line between the northwest $\frac{1}{4}$ and the southwest $\frac{1}{4}$ of said northeast $\frac{1}{4}$ of section 5, as near as practicable."

This instrument was duly recorded. Subsequently, by certain mesne conveyances, the plaintiff became the owner of the Schlicthaber farm, and the defendant became the owner of the Youngers farm; the deed from the latter to the defendant containing, in addition to a conveyance of the land, the following:

"And the said grantors hereby grant, bargain, sell, and convey unto the said grantee, his heirs and assigns, all and singular the rights, privileges, and easements conveyed to the said William Youngers by Frederick Schlicthaber and wife by written instrument [describing the instrument already referred to]."

The record seems to be somewhat elliptical, but from what the evidence discloses, and from what is asserted by the trial court and defendant's counsel, and not disputed by plaintiff's counsel, we assume that soon after the grant of right of way by Schlicthaber to Youngers, in 1866, a driveway just wide enough for a wagon to pass along it was established across the land of S., and upon or near the line referred to in the deed from S. to Y., and extending from the line between the two farms west to the Red Wing and Zumbrota road, and that this driveway has been used by Y., and the defendant, his grantee, up to 1898, as a means of ingress and egress to and from their farm to this highway. In 1898 the plain-

tiff placed a fence and other obstructions across this driveway, in order to prevent the defendant from using it. The defendant removed the obstructions, and continued to use the driveway as before. This constitutes the alleged trespass complained of. The trial court directed a verdict for the defendant, and from an order denying plaintiff's motion for a new trial the latter appealed. The case, in our judgment, depends entirely upon the construction and effect to be given to the deed of right of way from Schlicthaber to Youngers.

1. It is urged that the provisions of this instrument are so indefinite and uncertain as to the land to be used as a right of way as to render it wholly void. We discover no such indefiniteness in the instrument. It states the purposes for which the right may be used, to wit, to cross the land on foot or with team, and this necessarily implies the right to use a strip of land of the width reasonably necessary to the enjoyment of the uses for which the grant was made. It defines the line upon or near which the right of way shall be located. The driveway appears to be located on that line, and there is no claim that more land has been used than is necessary. The language of the instrument is perhaps broad enough to give the grantee a right of way entirely across plaintiff's farm, but the practical construction apparently given to it by both parties has been to limit this right to the distance necessary to give the grantee access from his land to the highway, which was doubtless the object of the grant.

2. It is further contended that the provisions of the instrument amounted merely to a revocable license personal to Youngers alone, and hence not assignable, and which was in fact revoked by Schlicthaber's alienation of the land. This contention is based upon the fact that the instrument does not contain the words "heirs and assigns."

It is very clear, under all the authorities, that the right of way granted constituted an "easement." We do not deem it necessary to discuss the question. We are also of opinion that it was not an easement in gross,—that is, personal to Youngers,—but an easement appurtenant to the land then owned and occupied by Youngers as a farm. Though an easement, such as a right of way, may

be created by a grant in gross, this is never to be presumed, when it can be fairly construed to be appurtenant to some other estate. Washburn, Easem. 45. An easement is appurtenant, and not in gross, when it appears that it was granted for the benefit of the grantee's land. A right of way is appurtenant to the land of the grantee if so in fact, although not declared to be so in the deed. If the way leads to the grantee's land, and is useless except for use in connection with it, and after the grant was used solely for access to such land, it is appurtenant to it. Jones, Easem. § 19. Whether a grant of an easement is in gross or appurtenant to some other estate may be determined by the relation of the easement to such estate, or the absence of it, and in the light of all the circumstances under which the grant was made. Id. § 34; Hopper v. Barnes, 113 Cal. 636, 45 Pac. 874; Dennis v. Wilson, 107 Mass. 591.

We have here two adjacent landowners, S. and Y. A highway runs across the land of S., to which Y. has no access from his own land. The right of way granted by S. to Y. gives the latter access from his own land to this highway, and it is afterwards used for that purpose. This right of way is, so far as appears, absolutely useless for any other purpose. We therefore hold that the right of way granted was not in gross, but appurtenant to the land then owned and occupied by the grantee, Youngers. In view of the facts, this is so whether the grant to Youngers was in fee simple, or, in view of the absence of words of inheritance, only for life,—a question not in this case. Dennis v. Wilson, supra. The limitation of a right, in express terms, to the life of the grantee, may afford some ground of inference that it was intended to be personal or in gross; but that ground of inference would be overcome if the nature of the right and its apparent use were such as to indicate that it related wholly to the convenience or occupation of real estate. But, as said in Dennis v. Wilson, supra, when the limitation results from omitting words of inheritance, the inference in that direction, if any can be drawn therefrom, must be very slight. Defendant, having a right of way over plaintiff's land, could lawfully use all peaceable means reasonably necessary to remove the obstructions, so as to enable him to exercise his right.

3. Plaintiff testified that

"When the defendant tore the fence down he broke the boards and entirely destroyed them. The materials used in building the fence, and the labor in putting it up, would be, at least, of the value of two dollars."

It is claimed by the plaintiff that he was entitled to a verdict for at least two dollars. This was, at best, a mere trifling side issue, and does not appear to have been urged or brought to the attention of the court on the motion to direct a verdict. It will be observed that there was no evidence of the value of the boards exclusive of the labor in constructing the fence, or that it was unnecessary to break and destroy the boards for the purpose of removing the fence. In view of the purpose for which the plaintiff built the fence, it is not improbable that the boards were so securely fastened that, in order to remove them, it was necessary to break them, so as to destroy their value as lumber.

Order affirmed.