JAMES CALLAN v. CHARLES HAUSE.[1]

January 8, 1904.

Nos. 13,743—(100).

**Easement—Location of Way.**

Where a conveyance of real property contains a reservation for an easement appurtenant, for a passageway, but the place is not designated, the grantor has the right to designate and locate; and, if reasonably suitable for the purpose, his selection of the place cannot be questioned.

**Same.**

If the grantor omits to exercise this right, it passes to the grantee or his assigns, and his or their selection will be upheld, unless there has been a palpable abuse of the right.

**Intent of Parties.**

Where the parties to a reservation for an easement have failed sufficiently to express their meaning, their intent becomes a question of fact, to be ascertained by a court; and, in order to arrive at this intent, all of the surrounding circumstances may be inquired into and taken into consideration, including the fact, if it be one, that the estate was once held by the parties as tenants in common, was then partitioned, and that the reservation was incorporated into a deed of partition.

Action in trespass instituted before a justice of the peace and certified to the district court for Dakota county. From a judgment in favor of defendant, entered pursuant to the findings and order of Crosby, J., plaintiff appealed. Affirmed.

*Hodgson & Lowell,* for appellant.

*W. H. Gillett,* for respondent.

COLLINS, J.

From the findings of fact herein, which are not questioned, it appears that on September 16, 1878, the land described in the complaint and other lands were owned by the plaintiff, Callan, and one Ried, as tenants in common. On that day the lands were divided between these tenants, and by deed each conveyed to the other a part thereof. In the deed from Ried to Callan was this reservation:

"Reserving the right of way to said Ried and assigns for teams and cattle to pass over the described premises at all times with farming implements;"

[1] Reported in 97 N. W. 973.

and in the deed from Callan to Ried was a like reservation to Callan for a right of way over Ried's land.

The land described in the complaint is a part of that conveyed by Ried to Callan, and was owned by the latter at the time of the trespass mentioned in the complaint. It had previously been inclosed by a fence. Callan never laid off or designated a way over said land where Ried or his assigns should travel, but at one time he placed a gate in the fence, which he kept locked; a key being furnished to Ried upon request. The land deeded to Ried was conveyed in 1892 by his heirs—he having died—to one Hause, and in this deed the land was made subject to the right of way granted to Callan; and there was therein assigned to Hause, his heirs and assigns, the right of way reserved to Ried in his deed to Callan, and above quoted. The alleged trespass was committed by Hause's servant in tearing down the fence so that he might pass through with horses and wagon while at work. As there was no way or place designated in the deed in or over which Ried or his assigns should travel across Callan's land, the latter had the right to designate or locate this line of way or place, and, if reasonably suitable for this purpose, his selection could not be questioned; but, as he did not exercise this right, it passed to Ried and his assigns. Powers v. Harlow, 53 Mich. 507, 19 N. W. 257; Leonard v. Leonard, 2 Allen, 543. And his or their location, when made, would be upheld, unless there had been a palpable abuse of their right to locate, because of Callan's failure so to do.

The trial court concluded that this easement was appurtenant, not in gross, and that it passed to Hause by the conveyance from Ried's heirs. This was correct. The rule is that an easement for a passageway over land is never construed to be in gross—that is, personal— when it can fairly be construed to be appurtenant to the land. And the proper construction of a grant becomes a question of intention when the parties have failed to express themselves in writing. By the conveyance to Ried there were two distinct tenements created—one, the dominant, to which the right of passage belonged; and the other, the servient, upon which the burden or obligation rested. The rights conveyed and reserved in this conveyance in question were for the court to ascertain, in the absence of apt words in the reservation clauses expressing and defining those rights.

The meaning of a reservation in a contract, when the language is indefinite, must be determined in every case by the particular facts—such as the character of the conveyance, the nature and situation of the property conveyed and of the property excepted, and the purpose of the exception. Chicago R. I. & Pac. Ry. Co. v. Denver & R. G. R., 143 U. S. 596, 12 Sup. Ct. 479. "It is competent in order to show what the parties probably meant, where the language is not fully clear and unambiguous, to prove the local position, the relative situation of the estate granted, that of the estate reserved, and also the manner in which the grantor himself had used it when owner of the whole." Atkins v. Bordman, 2 Metc. (Mass.) 457. See also Bakeman v. Talbot, 31 N. Y. 366. And undoubtedly a court may take into consideration in determining the intention of parties, in cases where they have held land as tenants in common and have partitioned, what privileges and rights of way they possessed and exercised before the partition—all of the pre-existing conditions, in fact. This was the view taken by the trial court, and which influenced its findings.

Counsel for plaintiff contends that the right of way in question could only be used for the benefit of the land partitioned, and that it could not be used for the purpose of going to and returning from other land belonging to Hause. But that is also a question of intent in this case, and is also disposed of by the findings. There is no evidence before us as to what other estates the parties possessed at the time of the partition, or what relation the partitioned estate held to the other estates, or whether it was necessary for the parties to travel over this partitioned land to get to other estates, or whether they did or did not travel over this common estate prior to the partition to reach other estates, or even how the ways reserved have been used since the grant. These matters may have been presented to the court below, and may have greatly dominated its conclusions as to the intention of the parties when making these deeds. The findings being conclusive, we agree with the court below that Callan has the right to locate the way over his land, and that it must be followed, if reasonably suitable for the purpose; that, if the way is not so located, Hause, as Ried's assign, may select any route which will not seriously injure Callan; and that he may use the way selected in going to and returning from other land

belonging to him than that formerly owned in common by Callan and Ried.

Judgment affirmed.