## ARNOLD BRUNS v. WILLIAM WILLEMS.[1]

### May 29, 1919.

### No. 21,270.

**Easement — ambiguity in description — construction by the parties.**

1. An ambiguity in a description of a grant of a right of way may be solved by considering the circumstances attending the grant and the practical construction the parties themselves gave the description by the location and maintenance of the way for many years in a certain definite place.

**Same — when right of way may be appurtentant — easement in gross.**

2. An easement of right of way may be appurtenant to a tract of land even though not touched by the way granted, when it clearly appears that such was the intention. Proof of intention is aided by the rule that an easement in gross will never be presumed when, in the light of all the circumstances under which it was granted, it can be fairly construed appurtenant.

**Same — burden of proof.**

3. In order to make out a cause of action against the owner of an easement of right of way for grading and improving the roadway, the onus is upon the owner of the servient estate to show that the work was improperly done, or unnecessarily injured the latter's use of the land. The finding that there was no injury to plaintiff's rights from defendant's work upon the right of way is sustained.

**Admission of evidence.**

4. No errors of a prejudicial nature occurred in the reception of evidence.

Action in the district court for Carver county to compel defendant to restore a certain strip of land to its former condition and to recover $500 damages. The facts are stated in the second paragrph of the opinion. The case was tried before Tifft, J., who made findings as stated

[1] Reported in 172 N. W. 772.

in the third paragraph of the opinion and ordered judgment in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*W. C. & W. F. Odell,* for appellant.

*Francis Muekel,* for respondent.

HOLT, J.

The action is for a mandatory injunction to undo the grading defendant did on a road along the west line of plaintiff's land, and for incidental damages. Defendant prevailed, and plaintiff appeals.

Plaintiff described the land he owned and alleged that, for many years, he had maintained a driveway running south, upon the west boundary, from the Shakopee road to the southwest corner of his premises, and that such driveway was for his personal use. He also alleged that defendant wrongfully entered upon this road with teams and road construction equipment, graded, scraped and filled the road to a full width of from 16 to 21 feet, leaving deep cuts at the sides, so that plaintiff is inconvenienced in harvesting his crops and cultivating the field, and that, in so widening the road, a portion was taken upon which grain and grass were growing. Defendant as a defense alleged that Peter Bruns, Peter Van Sloun, Theodor Northermann, and Peter Willems, tenants in common of the quarter section wherein is the land of plaintiff and defendant, for the purpose of establishing a cartway, conveyed the quarter section to Franz Rossen under an agreement that Rossen should convey to each his respective share with a right to a cartway to the Shakopee road to those parcels not otherwise accessible to that road; that, pursuant to the agreement, conveyances were executed, delivered and recorded on May 30, 1867, and thereby a cartway was established, two rods in width, at the place where plaintiff claims defendant graded the road. It is also alleged that, from the time of conveyance to defendant's ancestor, the road has been used by the occupants of the tract conveyed and has been repaired whenever necessary.

The chief attack is upon the findings, to the effect, that by agreement and deed, pursuant thereto, an easement was granted defendant's ancestor along the west line of plaintiff's land for a cartway two rods wide, and that defendant now owns an easement in said two-rod strip of land

over the said land of plaintiff, and that the said land of plaintiff is subject thereto. If the pleadings tender the issues determined by those findings and the evidence clearly supports them, then the decision is right and must be affirmed, regardless of the fact that there are other findings that apparently lack support, and regardless of error in the admission of evidence upon issues not tendered by the pleadings, unless there be merit in the further contention of plaintiff that even if defendant had a right of way over the land the burden was upon him to plead and prove a necessity for doing the work he did do upon the road.

By means of the plat found in the record, and which we here reproduce in its main outline, the situation will be more readily comprehended.

There was no attempt to trace, by documentary evidence, the government title to the quarter section mentioned into Peter Van Sloun, Theodor Northermann, Peter Willems and Franz Rossen, or any of them. And the finding that these men were tenants in common thereof in 1867 may be said to have no support, except inferentially. The evidence, however, is clear that Peter Bruns, the ancestor of plaintiff, and Peter Willems, the ancestor of defendant, were in possession of the tracts designated upon the plat as A and C in 1867. There is also evidence of possession as to Van Sloun and Northermann about that time. There is proof positive that on May 30, 1867, the four persons named, their wives joining, conveyed their title and interest in the quarter section to Franz Rossen, and that the latter and wife, on that same day, conveyed to Bruns the tract marked A on the plat, "reserving therefrom for the use of a cartway from the N. W. corner of Northermann's land to the Shakopee road a strip of land 2 rods wide along the west line of the within described land." On the same day Rossen and wife conveyed to Theodor Northermann tract B, to Peter Willems tract C, and to Peter Van Sloun tract D. It will be noticed that tract D touches the Shakopee road, and the deed contains no grant of way. In the deeds to tracts B and C the description of the tract conveyed is followed with the words: "With the right of a cartway to the Shakopee road on the west side of P. Bruns' land." The deeds were evidently drawn by the same scrivener and witnessed by the same persons, and recorded on the same day, the deed to Rossen an hour before the other four. The testimony is undisputed that the Shakopee road was then and ever since has been a public highway located as represented on the above plat. The inference is hardly to be avoided that the persons, mentioned above, were tenants in common and executed the deeds for the purpose of partitioning the quarter section among themselves, and, as a part of such partition, provided a right of way to the Shakopee road for the tracts that were not contiguous to that public highway. To designate this right of way they named it a cartway, and gave it the width of a cartway as then known to our statute law. G. S. 1866, c. 3, § 56.

Plaintiff has succeeded to all the rights of his father, Peter Bruns, in this quarter section, and so has defendant to his father, Peter Willems. One of plaintiff's contentions is that the description of the reserved way

in the deed to Peter Bruns is too uncertain to locate the same, in that it reserves a strip two rods wide along the west line, and starts out by saying that it is for the use of a cartway from the northwest corner of Northermann's land to the Shakopee road. A look at the map shows that the northwest corner of Northermann's land does not coincide with the southwest corner of Bruns.' The latter corner is 2.25 chains directly west of the former. We think this presents no difficulty; the reservation covered the west two rods of the Bruns' tract south of the Shakopee road to the south boundary line of the tract, and then necessarily turned at right angles east to reach the northwest corner of Northermann's land. Any other construction would be unreasonable, considering the transactions had between the different parties interested in the quarter section at the time this deed was executed. That the parties themselves so construed these deeds is quite evident, for there is no dispute that the road, traveled ever since 1867, is within the two rod strip along the west boundary of Bruns' land, from the Shakopee road to the southwest corner of his 23 acres.

Plaintiff confidently asserts that the right of way granted Peter Willems, over the reservation made in the Bruns' deed, created an easement in gross, personal to Peter Willems, and not an easement appurtenant to the land conveyed to him. The legal point to this contention is based on the fact that the right of way does not reach the tract conveyed to Peter Willems, for part of the land deeded to Van Sloun intervenes, and the deed to Van Sloun did not grant a way over plaintiff's land.

There is a finding that, prior to 1902, Peter Willems acquired a strip of about two acres which connects the parcel conveyed to him by the deed of May 30, 1867, and the road in question, but we find no evidence thereof in the record (the files in the court below were not transmitted to this court). There is evidence that defendant's farm buildings are situated on these two acres. We regard the finding as immaterial, for no easement went to the Van Sloun land, and none could be acquired by a purchase thereof, unless it be true that the cartway was, by the act of the parties to the conveyances of May 30, 1867, dedicated and established as a public highway, intended to have the same standing as if laid out under the statute. That theory has not been advanced or argued on this appeal, and, for the purpose of this decision, we will assume that no right of way is appurtenant to the Van Sloun tract.

Some authorities support the proposition that a way cannot be appurtenant to a tract of land it does not reach, hence the deed to Peter Willems granted a mere personal easement in the cartway not assignable or inheritable. Fisher v. Fair, 34 S. C. 203, 13 S. E. 470, 14 L.R.A. 333; Metzger & Co. v. Holwick, 17 Ohio Cir. Ct. R. 615, 6 Oh. C. D. 794; Alley v. Carleton, 29 Tex. 74, 94 Am. Dec. 260. Washburn, Easements, p. 257, says: "Ways are said to be appendant or appurtenant when they are incident to an estate, one terminus being on the land of the party claiming." But we think the better rule is that, where it clearly appears that the way was intended to be appurtenant to the land conveyed, it should be so considered even though the way does not reach the grantee's land directly. And that, in determining the intention, courts may have recourse to matters aliunde the instrument by which the easement was granted. Horner v. Keene, 177 Ill. 390, 52 N. E. 492; Witt v. Jefferson, 13 Ky. Law Rep. 746, 18 S. W. 229; Cady v. Springfield Water Works Co. 134 N. Y. 118, 31 N. E. 245; Guthrie v. Canadian Pac. Ry. Co. 27 Ont. App. 64; Graham v. Walker, 78 Conn. 130, 61 Atl. 98, 2 L.R.A.(N.S.) 983, 112 Am. St. 93, 3 Ann. Cas. 641. We think that the intention to create an easement appurtenant here is aided by the rule stated in Lidgerding v. Zignego, 77 Minn. 421, 80 N. W. 360, 77 Am. St. 677, and that an easement in gross will never be presumed when it can be fairly construed to be appurtenant to some other estate, and whether it is the one or the other should be determined by relation of the estate to the easement, and in the light of all the circumstances under which it was granted. The same rule was stated in Callan v. Hause, 91 Minn. 270, 97 N. W. 973, 1 Ann. Cas. 680, and there is in that decision an intimation that no narrow construction should be given to easements of way.

We are, therefore, of the opinion that the finding that defendant has an easement over this cartway on plaintiff's land must be sustained upon the proposition that it was acquired through the conveyance of tract C to his father Peter Willems by the deed of May 30, 1867. That being so, there must be a judgment in defendant's favor, regardless of the propriety of some of the other findings, unless defendant, by the work done upon the land subject to this right of way easement, wrongfully invaded plaintiff's rights.

It is the contention of plaintiff that even if defendant had an easement it was merely that of passage; hence, if he disturbed the sod or altered the conditions it was necessary by pleading and proof to justify his acts as being necessary in order to make the road useable and fit for travel. Plaintiff claims that the road previous to the grading by defendant was a good passable farm road, where the sod was not cut or disturbed, except in the tracks of the wagon wheels, and in that condition he could conveniently pass to and from his field onto the road, but that by defendant's work in grading up a road high in the center and sloping to either side, a cut, varying from several inches to two feet or more, was made next to his field and meadow, so that it is extremely difficult to pass from his land onto the road with loads or machinery. Plaintiff concedes that the one possessed of a right of way easement may put it in proper condition for use and keep it in repair, and that the owner of the servient estate is under no obligation to do so. Reed v. Board of Park Commrs. 100 Minn. 167, 110 N. W. 1119. We think plaintiff's contention as to the pleading and burden of proof not well founded. It appearing that the locus in quo is a right of way easement, in order to charge the owner of the easement with trespass, on account of work thereon, the owner of the servient estate has the onus of showing that the work was not a proper improvement of the road, and was not made with due regard for his rights. The interests of both the servient and dominant estate must be considered in the use made of an easement. Kretz v. Fireproof Storage Co. 127 Minn. 304, 149 N. W. 648, 955. The evidence does not tend to show that the work done was not a needed improvement of the road. The court found expressly that defendant and his grantors and predecessors in interest have maintained and repaired the cartway in such a manner as to cause no unnecessary injury or damage to plaintiff or his land. We cannot hold that the finding is without support in the record.

Several assignments of error relate to the admission of evidence of work done by defendant and his father upon this road. Such evidence was objected to not only on the mistaken notion that defendant was required to plead the necessity for repairs, but also on the ground that no road by prescription or statutory user was pleaded. As to the latter, it may be conceded that the answer is inadequate. But even so, we think

such evidence properly admissible as to showing no abandonment of the easement granted, and also as showing how the parties construed the ambiguity of the description in the deed of 1867 by ever since using and working the road upon the exact place where it now is and where it is claimed defendant trespassed.

This covers the controlling points presented by the appeal, and leads to an affirmance of the order.