## GRACE THOMAS SABIN v. O. J. REA AND ANOTHER.[1]

January 25, 1929.

No. 26,994.

See note in 5 L.R.A.(N.S.) 851; 9 R. C. L. 791, 792; 2 R. C. L. Supp. 876; 6 R. C. L. Supp. 577; 7 R. C. L. Supp. 309.

*A. R. English,* for appellants.
*William R. Mitchell,* for respondent.

DIBELL, J.

This is an action to restrain the defendants from interfering with the use by the plaintiff of a stairway and landing between the plaintiff's building and the building of the defendants. In their answer the defendants asked that the plaintiff be enjoined from using an opening placed by her in the party wall between the two

[1]Reported in 223 N. W. 151.

buildings. There were findings for the plaintiff. The defendants were denied relief. They appeal from the order denying their motion for a new trial.

■ Where a party grants an easement and does not definitely designate or locate it the grantee may make the location, and if it is reasonable his selection cannot be questioned. Callan v. Hause, 91 Minn. 270, 97 N. W. 973, 1 Ann. Cas. 680. In the party wall agreement there was no definite location. No complaint is made of the location or use of the easement prior to the destruction of the building by fire in 1922.

■ It is the rule that when a designation has been made by the grantee and there has been long acquiescence in the use of it, the grantee may not thereafter change the location. Haslett v. Shepherd, 85 Mich. 165, 48 N. W. 533; Kinney v. Hooker, 65 Vt. 333, 26 A. 690, 36 A. S. R. 864; Dudgeon v. Bronson, 159 Ind. 562, 64 N. E. 910, 65 N. E. 752, 95 A. S. R. 315. And see note, 5 L.R.A.(N.S.) 851.

■ In 1902 the defendant Clara I. Rea was the owner of a tract of land facing 25 feet to the west on Third street in Tracy, Minnesota, and extending easterly 100 feet. One Thurin owned the 50 feet immediately to the south. He sold to the plaintiff in 1926.

On May 16, 1902, Thurin and the defendants entered into a party wall agreement reciting that the defendant Clara I. Rea was about to erect a two-story building upon the north lot. It was agreed that the south wall of her building should encroach two and one-half feet on the lot to the south, with a wall 14 inches thick. The defendant agreed to maintain a stairway on the southerly side of her building "about three feet in width, with opening at the top landing of stairway for entrance and passage way into the building of said Thurin now on his said premises, and into such building as said Thurin may hereafter place upon his said premises; that said stairway shall at all times be free to the said Thurin or his tenants as to ingress and egress and shall at all times be kept up and maintained in a good and tenantable condition by said first parties [defendants Rea]." It was further understood that "said stairway shall extend from the ground to second story, and be con-

structed, maintained and kept up so that said Thurin may use same conveniently and without hindrance; the opening through the wall of the building of said Rea shall be at such point as said Thurin may conveniently enter through to and from his said building."

Rea constructed the building upon the northerly lot extending two and one-half feet onto the Thurin lot, as proposed in the agreement. A stairway was built from the street entrance to the second floor within this building. The owner of the Thurin lot had the right to use the stairway, and an opening was made through the party wall to her building. The Thurin building was of wooden construction, and a steel fire door was hung on a sliding track immediately east of the opening.

After the fire in 1922 the old door was bricked in. The plaintiff, when she built, made an entrance at a somewhat different point. The grade of her stairway, which extends two feet farther to the east than the top step of the defendants' stairway, made it necessary. The door serves this changed condition. If not made, the old opening would open directly over the top of the stairway. The change in the situation is not great.

It is the contention of the defendants that, the easement having been located and its use defined and acquiesced in for so many years, it cannot now be changed without their consent. There is force in this argument. Here however the party wall agreement contemplated that there would be a reconstruction of the wooden building on the south lot. The court finds that the opening made by the plaintiff was conveniently located so that the plaintiff and others using the second floor of her building could use the stairway in the defendants' building; that the parties when making the party wall agreement contemplated the construction of a new building which would make convenient use of the party wall; that the opening has been conveniently located; and that the defendants have not been damaged by the new opening and that it will not interfere with the use of their building. These facts are fairly found directly or by inference from the evidence. The case is not free of difficulty; but, in view of the fact that another building on the south 50 feet,

which could make convenient use of the stairway and party wall, was contemplated, and that the new entrance gives such use with no substantial harm to the defendants, we think the view taken by the trial court should be sustained.

Order affirmed.