## IN RE APPLICATION OF DOUGLAS REES TO REGISTER TITLE TO LAND.
### GEORGE F. DEAN v. DOUGLAS REES.[1]

October 17, 1941.

No. 32,819.

See 208 Minn. 38, 292 N. W. 765.
*George T. Halbert* and *George F. Dean,* for appellant.
*James D. Bain* and *Norman D. Arvesen,* for respondent.

[1]Reported in 300 N. W. 396.

HOLT, JUSTICE.

In the above entitled proceeding to register land in Minneapolis, Hennepin county, judgment registering said land in Douglas Rees as owner was entered and a certificate issued to him April 25, 1939. On July 22, 1940, appellant, George F. Dean, moved the court for leave to intervene and to file and serve his proposed answer in the registration proceeding. The motion was denied September 9, 1940. On September 19, 1940, appellant again sought relief by moving to vacate the order of September 9, 1940, and for a new trial of the registration proceeding. This motion was denied by order entered November 25, 1940. From this order, George F. Dean appeals.

Appellant claims that he was not served with summons in the registration proceeding though a resident of the city of Minneapolis, and that he had no knowledge of the proceedings until sometime in June 1939. The record shows that appellant, with knowledge of the registration proceeding, on June 26, 1939, filed two actions in the district court of Hennepin county alleging that he, the plaintiff therein, was the owner in fee simple and in possession of the real estate described in the registration proceeding and that Douglas Rees, the defendant in said actions, claimed some right, title, interest, and estate thereto, and asking that he have judgment that said defendant has no right, title, interest, claim, or demand adverse or superior to that of plaintiff in said premises, and for costs and disbursements. The defendant Douglas Rees moved the court, on July 21, 1939, to dismiss said actions with prejudice on the ground that by the judgment rendered April 25, 1939, in the registration proceeding, title to the premises was vested in him, and more than 60 days had expired since said judgment was rendered. August 22, 1939, an order was made dismissing the actions; but plaintiff, the appellant Dean, moved to vacate this order and for a new trial of the matter. October 27, 1939, an order was filed refusing to vacate the previous order. The appellant Dean appealed to this court, where a decision was

rendered affirming the order. Dean v. Rees, 208 Minn. 38, 292 N. W. 765.

In Baart v. Martin, 99 Minn. 197, 108 N. W. 945, 116 A. S. R. 394, and Lamprey v. American Hoist & Derrick Co. 197 Minn. 112, 266 N. W. 434, it is held that, except for fraud, registration decrees or judgments are not subject to attack after six months from the entry thereof. Mason St. 1927, § 8274. And § 8272 limits the right of a party to intervene to 60 days from the entry of such a decree. In the instant case, Dean had knowledge of registration proceeding within 60 days after the decree was entered; but, instead of seeking to intervene, he brought his actions against Rees to determine the latter's adverse claim to the land registered in the decree. In these actions, in opposition to Rees's motion to dismiss them with prejudice, because of the conclusive effect of the registration decree, Dean asserted all the objections he now makes on the application to intervene. In fact, the motion of Dean to vacate the order dismissing his actions to determine adverse claims with prejudice was made upon the identical grounds stated in the motion herein to vacate the order filed September 10, 1940. Fraud was not stated as a ground for relief in either motion. Hence Mason St. 1927, §§ 8272 and 8274, bars all attacks of appellant Dean upon the registration decree of April 25, 1939.

Furthermore, as between these two litigants, we regard the decision in Dean v. Rees, *supra*, as conclusive in respect to the ownership and title of the land in this litigation. We there stated that all the files and proceedings in the registration proceedings were a part of the record; and, after an examination of such files and record, the court said [208 Minn. 42, 292 N. W. 767]:

"The judgment on its face shows no right, title, or interest in the premises to be in plaintiff and no possession of the property by him. There is therefore no mistake or fraud apparent on the judgment roll indicating lack of jurisdiction in the registration proceedings as was the case in Riley v. Pearson, 120 Minn. 210, 139 N. W. 361, L. R. A. 1916D, 7."

The only real grievance asserted in the answer tendered is that the attorney for Rees in the registration proceeding did not use due diligence in ascertaining that Dean held a deed to the property from the record owner of the government title, who was made a party to the proceeding. There is no claim that Dean ever recorded his deed, which he claims was delivered to him in 1914. During all the time since then he allowed the land to be assessed in the name of his grantor, and the delinquent taxes thereon to go to judgment and sale. He leased the land to a party who was made a party to the registration proceeding, but it is not claimed that the lease was recorded. It would seem that Dean desired to remain an unknown owner of the land, and his complaint that Rees and his attorney failed to use diligence in discovering him should receive scant consideration.

The order is affirmed.