## HAROLD E. FARNES AND ANOTHER v.
## FREEMAN LANE AND ANOTHER.

161 N. W. (2d) 297.

August 16, 1968—No. 41,056.

*Nielsen, Stock & Blackburn* and *Arthur J. Stock,* for appellants.

*Scallen, Farnes, Evidon & Harder* and *Harold E. Farnes,* pro se, for respondents.

Heard before Knutson, C. J., and Otis, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

Plaintiffs instituted this action to secure a declaration that a private

easement in defendants' favor across plaintiffs' lakeshore property is one for access to the lake only and to obtain an injunction restraining defendants from constructing a dock and storing personal property on or adjacent to the easement area. Defendants answered, contending that they have the right to construct and maintain a dock extending into the lake; to moor a boat at it; and to enjoy without restriction the rights of a riparian owner. The trial court found in plaintiffs' favor and this appeal is from the judgment then entered.

Tract A, owned by plaintiffs, is on the lakeshore. Tract B, owned by defendants, abuts Tract A and is separated by it from the lake. Both tracts were once owned by a common grantor of the parties, and the easement involved was created for the benefit of Tract B when it was severed from Tract A.

In proceedings to register the title of Tract A, it has been determined that the easement appurtenant to Tract B to which Tract A is subject is for the limited purpose of "right-of-way" to the lake. The time for appeal from this determination has expired. The parties to the present action were also parties to the Torrens proceedings.

■ Although the determination of the district court in the land registration proceedings is not subject to collateral attack, Dean v. Rees, 211 Minn. 103, 300 N. W. 396, and defendants are therefore precluded from claiming an easement *in addition* to that of a right-of-way to the lake, they are free to argue that the installation and use of a dock is a proper exercise of the easement which the Torrens proceedings confirmed. This contention does not represent an attack upon or an evasion of the decision of the district court in the registration proceedings. It is, instead, a recognition that the easement is limited to that of a right-of-way coupled with the insistence that one who has such a right acquires by virtue of it the right to put a dock in place and use it.

The issue for decision, then, reduces to this: Does a private easement appurtenant for a right-of-way to a lake include by implication the right to install a dock on the servient estate and to use it for boating and other purposes?

■ The relevant legal principles are:

(a)  Riparian rights are rights incident to an estate in land which adjoins a body of water such as a lake. Riparian rights include the right of access to the water; the right to install and use a dock; and other rights of value.[1]

(b)  A private easement appurtenant is not an estate in land. It is an incorporeal hereditament which permits use of the land of another in a way fixed by the scope and nature of the easement granted or otherwise acquired.[2]

(c)  A private easement appurtenant affording access to a lake over land adjacent to the water does not make the grantee of the easement a riparian owner entitled to exercise riparian rights.[3]

Decisions of this court holding that an owner of lakeshore property who transfers the right of exclusive possession to another or divests himself

---

[1] "There are certain interests and rights vested in the shore owner which grow out of his special connection with such waters as an owner. These rights are common to all riparian owners on the same body of water, and they rest entirely upon the fact of title in the fee to the shore land." Sanborn v. People's Ice Co. 82 Minn. 43, 50, 84 N. W. 641, 642, 51 L. R. A. 829. Note Hicks v. Smith, 109 Wis. 532, 85 N. W. 512.

"Riparian land is land so situated with respect to the body of water that, because of such location, the possessor is entitled to the benefits incident to the use of the water. The land must touch upon the water and be under one ownership and within the watershed. If there is a severance of ownership, the land that does not touch upon the water ceases to be riparian." Burby, Real Property (3 ed.) § 19a. See, also, Colson v. Salzman, 272 Wis. 397, 75 N. W. (2d) 421; 93 C. J. S., Waters, § 104; 56 Am. Jur., Waters, § 273; Hanson v. Thornton, 91 Ore. 585, 179 P. 494.

[2] Romans v. Nadler, 217 Minn. 174, 14 N. W. (2d) 482; Alvin v. Johnson, 241 Minn. 257, 63 N. W. (2d) 22; Polebitski v. John Week Lbr. Co. 157 Wis. 377, 147 N. W. 703. See, also, Keeler v. Haky, 160 Cal. App. (2d) 471, 325 P. (2d) 648.

[3] Thompson v. Enz, 379 Mich. 667, 154 N. W. (2d) 473. " 'Riparian rights,' accorded lot owners separated from the beach by intervening lots, can be given no greater meaning than right of access to the beach and enjoyment thereof for the purposes of recreation." Schofield v. Dingman, 261 Mich. 611, 613, 247 N. W. 67, 68; Colson v. Salzman, 272 Wis. 397, 75 N. W. (2d) 421. Note, also, Burby, Real Property (3 ed.) p. 81, and cases cited in notes 53 and 54.

of the right of possession by a dedication to a public or quasi-public use thereby grants also the riparian rights which are incidents of the right of possession are not applicable here where the riparian grantor continued in exclusive possession of the entire servient estate.[4]

(d) The question of whether the grantee of an easement for access or a right-of-way to a lake has the right to install and use a dock to facilitate his enjoyment of the easement depends on the law relating to the extent and reasonableness of the use of a private right-of-way in the exercise of an easement.[5]

(e) The grantee of an easement or right-of-way to the lake may or may not be entitled to install and use a dock extending from the way into the lake, depending on the circumstances of the particular case. If the easement is granted in terms which clearly and specifically allow or deny this use, the language of the instrument creating the right will control.[6]

Where, as here, the easement for a way is granted in general terms, no reference being made to the installation or use of a dock, the uncertainty must be resolved by applying the general principles of law relating to the construction of ambiguous writings. In addition to the rules which apply generally as aids in the ascertainment of intent in the use of words, ex-

---

[4] The prior decisions of the Minnesota Supreme Court to which reference is made in this paragraph are: Hanford v. St. Paul & D. R. Co, 43 Minn. 104, 42 N. W. 596, 7 L. R. A. 722; Village of Wayzata v. G. N. Ry. Co. 50 Minn. 438, 52 N. W. 913; In re Petition of Schaller, 193 Minn. 604, 259 N. W. 529, 826; Troska v. Brecht, 140 Minn. 233, 167 N. W. 1042; Bryant v. Gustafson, 230 Minn. 1, 40 N. W. (2d) 427.

[5] See, Lidgerding v. Zignego, 77 Minn. 421, 80 N. W. 360; Delaney v. Pond, 350 Mich. 685, 86 N. W. (2d) 816; Annotation, 3 A. L. R. (3d) 1256, 1259; 25 Am. Jur. (2d) Easements and Licenses, § 79; 3 Tiffany, Real Property (3 ed.) § 803; 3 Powell, Real Property, par. 415.

[6] "It is well settled that the use of a privilege, like an easement, should not be extended by legal construction beyond the objects originally contemplated or expressly agreed upon by the parties." Thompson v. Germania Life Ins. Co. 97 Minn. 89, 92, 106 N. W. 102, 104.

"The extent of a profit or easement is determined by the terms of the grant, if it was acquired by grant * * *." Burby, Real Property (3 ed.) § 32.

See, 28 C. J. S., Easements, § 87; Cover v. Platte Valley Pub. Power & Irrigation Dist. 162 Neb. 146, 75 N. W. (2d) 661.

trinsic evidence may be considered relating to the facts peculiar to the particular easement involved on the assumption that the grantor intended to permit a use of the easement which was reasonable under the circumstances and the grantee expected to enjoy the use to the fullest extent consistent with its purpose.[7]

As applied to this particular case, these general rules suggest that the ambiguity might be resolved by evidence affording answers to questions such as these: What was the purpose for which the easement was granted in the first instance? If it was to have afforded the possessors of Tract B and their family and guests access to the lake for the purpose of boating, was a dock necessary to get from the shore to the boat with reasonable facility? If a dock was needed, was one available to the grantees of the easement if they did not install it? If a dock was installed, would it be usual to keep it in place during the boating season? Where was it anticipated that the boats used would be kept? Was it customary in the area to moor boats at docks so installed? Recognizing that the owner of a lakeshore lot would not ordinarily be inclined to disrupt the enjoyment of his own property to a marked degree, what effect does the installation and use of such a dock have on the uses of the servient tract? Would it make a material difference if the dock were to be used as a mooring place for motor boats or sailboats, or for the storage of supplies or as a site for sun-bathing or as a launching place for skiers and the like? To what extent,

---

[7] See Hudson v. Lee (Okla.) 393 P. (2d) 515, where it was held that parol evidence was admissible to ascertain the intention of the parties with respect to the extent of an easement under a deed granting the right of ingress and egress to the waterfront of a lake, especially in regard to docking rights on the waterfront. See, also, Bruns v. Willems, 142 Minn. 473, 172 N. W. 772, where it is held that an ambiguity in a description of a grant of a right-of-way may be resolved by considering the circumstances attending the grant and the practical construction the parties themselves gave the description by the location and maintenance of the way for many years in a certain definite place.

Note, also, Sabin v. Rea, 176 Minn. 264, 223 N. W. 151. The general principles involved are discussed in Restatement, Property, § 483, and Burby, Real Property (3 ed.) § 33. For a general discussion, see Note, *Riparian Water Law — Lakeshore Developments*, 1966 Wis. L. Rev. 172.

if any, has it been customary in the area of this lake for owners of shore property to permit owners of nonlakeshore sites to erect and use a dock on the lakeshore? What was the practical construction given to the easement by the parties affected? Did the grantees of this easement install and use the dock when the easement was granted? If so, did the owners consent to or acquiesce in this use? Has there been a variation or abandonment of such initial uses during the intervening years? Was a consideration paid and if so, does the amount paid suggest that the use was to be limited or extensive?

We have examined the record and fail to find evidence bearing on the problems suggested by these questions adequate or sufficiently detailed to permit a finding resolving the ambiguity one way or another. The trial court determined that the grant of the easement did not give the owners of Tract B the status of riparian owners, and the legal principles set out before in paragraphs lettered (a), (b), and (c) clearly support this conclusion. But a finding that the defendants are not riparian owners does not settle the question of whether they are entitled to install and use a dock in the proper enjoyment of their easement for right-of-way purposes. The plaintiffs, having instituted the present action to secure an injunction restraining a use which may or may not be permissible under the easement granted, depending on the proof offered in support of one interpretation or another, had the burden of showing that the uses which they sought to have restrained were excessive.[8] This burden was not sustained. Therefore, the declaratory and injunctive relief should have been denied.

If, upon retrial, plaintiffs are able to show that the use being made is excessive in kind or degree, reference to Giles v. Luker, 215 Minn. 256, 9 N. W. (2d) 716, will suggest a type of decree which may meet the needs of this situation.

Defendants also complain because the trial court substituted a sea-level reference for "the shore line" as a terminal point of the easement. The substitution was apparently made on the assumption that the shoreline will always be a certain number of feet above sea level because of con-

---

[8] See, AMF Pinspotters, Inc. v. Harkins Bowling, Inc. 260 Minn. 499, 504, 110 N. W. (2d) 348, 351; 43 C. J. S., Injunctions, § 190b.

trols in force on the lake involved. If this assumption is correct, no prejudice will result from the substitution. If the assumption is not correct, the problem should be called to the attention of the trial court in the event of a retrial.

Reversed and remanded.