**Dennis LARSON, Appellant,**

v.

**STATE of Minnesota, Respondent,**

**County of Douglas, Minnesota, Respondent.**

No. A09–495.

Court of Appeals of Minnesota.

Dec. 22, 2009.

Amy J. Doll, Fluegel, Helseth, McLaughlin, Anderson & Brutlag, Chtd., Morris, MN, for appellant.

Lori Swanson, Attorney General, Jeffery S. Thompson, Assistant Attorney General, St. Paul, MN, for respondent State of Minnesota.

Paul D. Reuvers, Jason J. Kuboushek, Iverson Reuvers, Bloomington, MN, for respondent County of Douglas.

Considered and decided by
KLAPHAKE, Presiding Judge;
HALBROOKS, Judge; and BJORKMAN,
Judge.

## OPINION

BJORKMAN, Judge.

In this appeal from summary judgment, appellant argues that the district court erred in failing to discharge part of a condemnation easement under Minn.Stat. § 117.225 on the ground that the easement was no longer being used for highway purposes. Because Minn.Stat. § 117.225 does not permit discharge of a portion of an easement, we affirm.

## FACTS

In 1956, respondent State of Minnesota, Department of Transportation (the state) began acquiring land easements to build what is now trunk highway 29 in respondent Douglas County (the county). In 1966, a deed describing the condemned property was finalized, indicating that the state acquired an easement for "highway purposes" across land designated as "parcel 11," under the condemnation authority of Minn.Stat. § 117.20 (1965) (repealed 1971). At that time, parcel 11 was owned by the Howard family; in 2005, appellant Dennis Larson acquired title to the property, subject to the state's easement.

The western edge of parcel 11 runs for approximately 140 feet along the shoreline of Lake Le Homme Dieu, near Alexandria, Minnesota. The land is generally level at the shoreline and extends upward to the traveled lanes of the highway. The incline becomes progressively steeper as the highway heads south, forming a bluff along the lanes before turning westerly toward the lake. On top of this bluff, the state con-structed a scenic outlook facing Lake Le Homme Dieu. Below the outlook, in the area that extends from the bottom of the bluff to the shoreline, the state constructed a rest area. This portion of parcel 11 also provides for drainage away from the highway. The state added a restroom facility in 1974. For convenience, the portion of parcel 11 that does not contain the traveled lanes of the highway is referred to as the "disputed area" or "disputed portion."

Members of the public began using the lake-front area as a swimming beach as early as 1962. In 1977, the state issued the first of four limited use permits to the county. These agreements permitted the county to use the disputed area as a public swimming beach; in exchange, the county agreed to maintain the restrooms and other facilities. The county has maintained the disputed area at its own expense since 1977, including renovating the restroom structure and parking lot in 1995.

Larson commenced this action seeking an order discharging the disputed portion of the easement, which he describes as falling "outside of a line extending 50 feet from the centerline of the state's highway," pursuant to Minn.Stat. § 117.225. Larson alleges that the state has abandoned its easement or, in the alternative, that the state no longer uses the easement for the purposes for which it was acquired.[1]

The state contends that it still uses the easement for highway purposes—for a rest area and drainage on the disputed portion and as a highway on the non-disputed portion. The state points to the statutory definition of rest area as conclusively demonstrating that its use of the disputed area furthers a highway purpose.[2] The county asserts that the easement conveyed riparian rights to the public or, in the alternative, that riparian rights had

---

1. Larson does not advance the abandonment argument in this appeal.

2. Minnesota statutes define a state rest area as follows:

been dedicated under common law, such that the county's current use of the disputed area as a beach is proper.

Respondents sought summary judgment dismissing Larson's claims. The district court granted respondents' motions on the grounds that (1) Minn.Stat. § 117.225 does not apply because respondents continue to use the disputed area as a public rest area, (2) Minn.Stat. § 117.225 does not permit discharge of a portion of an easement, and (3) the easement conveyed riparian rights to the state. This appeal follows.

### ISSUE

Does Minn.Stat. § 117.225 permit discharge of a portion of an easement?

### ANALYSIS

■ Statutory interpretation presents a legal issue which this court reviews de novo. *Lee v. Fresenius Med. Care, Inc.,* 741 N.W.2d 117, 122 (Minn.2007). "The primary objective of statutory interpretation is to ascertain and give effect to the intention of the legislature." *Greene v. Comm'r, Minn. Dep't of Human Servs.,* 755 N.W.2d 713, 721 (Minn.2008). To do so, we first determine whether the statutory language is clear. *Hans Hagen Homes, Inc. v. City of Minnetrista,* 728 N.W.2d 536, 539 (Minn.2007). If a statute is clear and unambiguous when construed according to the ordinary rules of grammar, this court will apply its plain meaning. *Am. Fam. Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000). Statutory language is only ambiguous when it is subject to

more than one reasonable interpretation. *Id.* We will not disregard clear statutory language to pursue its spirit. *Lee,* 741 N.W.2d at 123.

■ The relevant portion of Minn.Stat. § 117.225 provides:

Whenever claiming that an easement acquired by condemnation is not being used for the purposes for which it was acquired, the underlying fee owner may apply to the district court of the county in which the land is situated for an order discharging the easement, upon such terms as are just and equitable.

The parties assert that the language of the statute is unambiguous and supports their respective positions. We agree that the statutory language is clear. The statute applies when "an easement" is not being used for its original purpose, and it authorizes a district court to discharge "the easement" under such circumstances. The use of the articles "an" and "the" limits the application of the statute to "the easement" as a whole, such that the statute does not apply to portions of easements.

Larson urges us to interpret the language, "upon such terms as are just and equitable," to permit courts to discharge a portion of an easement. This argument is unavailing. Had the legislature wanted to give district courts the power to discharge portions of easements under this statute, it could have said so expressly, as it has done in other statutes. *See* Minn.Stat. § 161.43 (2008) (allowing commissioner of transpor-

---

(a) A state rest area shall be established to promote a safe, pleasurable, and informative travel experience along Minnesota highways by providing areas and facilities at reasonable intervals for information, emergencies, or the rest and comfort of travelers.

. . . .

(c) ... State rest areas may be managed to provide parking, resting, restroom, picnicking, orientation, travel information, and

other facilities for the convenience of the traveling public. Where located in conjunction with features of interest, state rest areas shall provide interpretive exhibits or other facilities appropriate to promote understanding and enjoyment of the features. Minn.Stat. § 86A.05, subd. 12(a), (c) (2008). The parties agree that the disputed area abuts a highway, and that it is maintained for parking, resting, restrooms, and picnicking, among other things.

tation to discharge "an easement *or portion of an easement* no longer needed" (emphasis added)). This court may not "substitute amendment for construction," by adding terms that the legislature has omitted. *Tracy State Bank v. Tracy–Garvin Co-op.*, 573 N.W.2d 393, 395 (Minn. App.1998). The phrase "upon such terms as are just and equitable" modifies the conditions of the discharge, not whether a discharge is permitted under the statute. We decline Larson's invitation to alter the statute's clear terms.

Larson also points to the separate metes-and-bounds description given to the disputed portion of the parcel in the deed to support his argument that it is an independently dischargeable section of the easement. We disagree. The deed defines "the easement" not as a discrete area with its own metes-and-bounds description, but as the entire parcel acquired by the state with that document. *See Bergh & Misson Farms, Inc. v. Great Lakes Transmission Co.*, 565 N.W.2d 23, 26 (Minn. 1997) (defining the scope of an easement created by grant by construction of the terms of the grant). Larson's attempt to define the easement otherwise is unavailing.

We conclude that Minn.Stat. § 117.225 does not permit the discharge of a portion of an easement. Because Larson does not contest the fact that the state continues to use the easement for the traveling lanes of highway 29 and contemplates future expansion of the highway, we do not need to address Larson's argument that the state's current use of the easement constitutes nonuse under the statute.

## DECISION

Minn.Stat. § 117.225 does not permit discharge of a portion of an easement. Accordingly, the district court did not err in dismissing Larson's action.

**Affirmed.**

KLAPHAKE, Judge (concurring specially).

I agree with the majority that the district court correctly determined that Minn. Stat. § 117.225 does not apply because the state continues to use the disputed area for a proper purpose and the statute does not permit discharge of a portion of an easement. For a number of reasons, I am troubled by the district court's determination that the easement conveyed riparian rights to the state.

First, appellant's complaint was limited to seeking a discharge of the easement granted to the state as set forth in Minn. Stat. § 117.225. The relief provided by this statute is limited to discharge or nondischarge of an easement. The district court's decision goes beyond the limits of the statute.

Second, the easement was the result of an agreement between the state and appellant's predecessor in ownership of the land. The state concedes in its brief that the claim of riparian rights may be a misuse of the easement agreement, yet it is the county that seeks to litigate the question of riparian rights. The state, not the county, is the proper party to raise the question of riparian rights.

Third, as the state's concession makes clear, whether riparian rights arose under the agreement presents a fact question that is unsuitable for summary judgment, particularly in the context of a limited statutory action.

Finally, the district court's decision granting riparian rights based on the condemnation easement is not supported by law. A right-of-way easement does not imply a grant of riparian rights. *Farnes v. Lane*, 281 Minn. 222, 224, 161 N.W.2d 297, 299 (1968) ("A private easement appurtenant affording access to a lake over land adjacent to the water does not make the grantee of the easement a riparian owner

entitled to exercise riparian rights."). Further, "[t]he construction of a public highway ... is not remotely connected with navigation or any other water-connected use. It is a land use and nothing more." *State by Head v. Slotness*, 289 Minn. 485, 185 N.W.2d 530, 534 (1971). For an easement to grant riparian rights, the grant must be express, "in terms which clearly and specifically allow or deny this use[.]" *Farnes*, 281 Minn. at 224, 161 N.W.2d at 299. The district court's decision is not supported by law.

Appellant failed to appeal the district court's decision on the question of riparian rights, but this court should make clear that the district court exceeded the scope of the limited action before it when the court determined that the easement conveyed riparian rights.